## Hannah De Young v. Abraham De Young—B. Yoste, Intervenor.

A marriage contract must have full force and effect between the parties to it, unless vitiated by fraud.

It is the duty of a husband who administers his wife's separate property, to render her a faithful account of his stewardship.

The verdict of the jury was for $4000, "the value of paraphernal property," and the decree of the court was: That the plaintiff recover of the defendant $4000, "being the amount of her paraphernal property received by him and in his possession." *Held :* The judgment is a substantial compliance with the requirements of the law, and is sufficiently responsive to the verdict.

APPEAL from the District Court of the Parish of Jefferson, *Clarke*, J. *Henry C. Miller*, for plaintiff. *A. Marks*, for defendant and appellant, *T. McKay*, for intervenor.

Voorhies, J. This suit was brought by the plaintiff against the defendant, her husband, for a separation from bed and board, and for the recovery of her separate and dotal property. She alleges in her petition, among other things, that at the time of her marriage, in January, 1842, she owned and possessed jewelry, household furniture, a slave, cash, and other property, which were constituted as her separate and dotal property by a marriage contract with her husband; that she has paid debts due by her said husband amounting to the sum of $1000; that her said husband has assumed the administration of her separate and dotal property, amounting in value to the sum of $9000, which he has appropriated to his own use; and that since their marriage, he has purchased real estate and erected buildings thereon, with her separate funds.

*B. Yoste*, alleging himself to be a creditor of the defendant on three promissory notes, intervened in the suit and opposed the plaintiffs' claim, on the ground of fraud and simulation. To his petition of intervention, the plaintiff pleaded the general issue, and also averred that the alleged promissory notes

were simulated and fraudulent, and given by the defendant to the intervenor, for the purpose of defeating her claim.

On this branch of her demand, a judgment was rendered against her by the District Court, from which she appealed. It was reversed in her favor, and remanded for further proceedings, with leave granted to the parties to amend their pleadings. See 6 Ann. 788.

After the cause was remanded, the plaintiff filed a supplemental petition, claiming $1000 as advanced to her husband, and also the sum of $9000 as the value of her separate and dotal effects, which he had appropriated to his own use. To this supplemental petition, the defendant filed a general denial, and a plea in reconvention for the sum of $325, alleged to have been expended by him on the separate property of the plaintiff. The intervenor also filed an answer, in which, after pleading the general issue, he urged the same grounds of objection to the plaintiff's demand as those set forth in his petition of intervention. Subsequently, the plaintiff filed another supplemental petition, claiming an additional sum of $1180 for the rent of her separate property, which, she alleges, was collected by her husband and converted to his own use. To this supplemental petition, the intervenor filed a general denial, and adopted the averments contained in his former answer.

On these pleadings, the cause was tried by a jury. From the judgment rendered on their verdict in favor of the plaintiff against the defendant, for the sum of $4000, the latter has appealed.

As the intervenor, against whom there was also a verdict and judgment in favor of the plaintiff, is not a party to this appeal, so it is unnecessary for us to express any opinion as to the effect which should be given to the evidence in relation to his interest in the case.

In regard to the plaintiff and defendant, it is clear that the contract of marriage between them must have its full force and effect, unless vitiated by fraud ; and no such allegation has been made by the defendant. By the fifth clause of the marriage contract between the parties, it is shown that the plaintiff brought in marriage her wearing apparel, jewelry, household furniture, and other property, estimated at $10,000, which the defendant acknowledged to be correct. It is also shown that the defendant had in his possession, shortly after the marriage, a large amount of jewelry belonging to the plaintiff, and that he had also collected rents arising from her separate property. From this it is reasonable to infer, that he had the control and administration of his wife's separate property. As such administrator, it was his duty to render her a faithful account of his stewardship. We are satisfied from the pleadings and evidence in the cause, that the reconventional demand of the defendant was duly considered by the jury in making up their verdict. In fine, after a careful examination of all the facts of the case, we are not ready to say that there is any error in their verdict to the prejudice of the defendant.

The objection urged by the defendant, that the judgment is not responsive to the verdict, is, in our opinion, untenable. The verdict is for $4000, " the value of paraphernal property," and the decree is, that the plaintiff recover of the defendant $4000, "being the amount of her paraphernal property received by him and in his possession." This, in our opinion, amounts to a substantial compliance with the requirements of the law.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs of both courts to be borne by the appellant.