HÉLÈNE BARBET *v.* ALEXANDER ROTH.

16  271|
51  63|

Where the husband administered the paraphernal property of the wife, during the existence of the marriage, he is responsible for the amount of that property alienated by her.

An act, whether authentic or under private signature, is proof between the parties, even of what is there expressed only in enunciative terms ; provided, the enunciation have a direct reference to the disposition. So that when the defendant having assisted and authorized his wife in various conveyances of landed property and slaves declared in the acts to be her paraphernal property, the plaintiff was not required, as against the defendant, to prove the verity of the declarations of ownership.

Attorney's fees paid by the community, incurred for the separate account of the wife, should be charged to her estate.

Where interest was paid on a stock loan, the personal debt of the wife, the amount should be charged to the community. 14 An. 281.

APPEAL from the District Court of the Parish of Iberville, *Avery,* J.

Samuel Mathews, for plaintiff.    Zenon Labauve, for defendant and appellant.

DUFFEL, J.   This is a partition suit, instituted by the plaintiff, as forced heir of her daughter, *Lodoïska Langlois,* deceased wife of the defendant, against the latter, who is recognized as owner, in his own rights, of one-half of the property belonging to the community which existed between him and his deceased wife, and as owner, under the will, of two thirds of the estate of his said deceased wife.

The defendant has appealed from the judgment of the District Court, fixing the mode of the partition and determining the contestations presented by the pleadings, and the plaintiff has asked various amendments.

Both parties assent to the judgment as far as it decrees the sale and fixes the terms and conditions thereof, and rest their objections to certain moneyed demands, some of which were admitted and others rejected by the District Judge.

The defendant admits in his answer, that he administered the paraphernal property of his wife during the entire existence of the marriage ; hence he is responsible for the amount of the paraphernal property alienated by her, and the community was, under the evidence, properly debited with such proceeds amounting to the sum of $19,450 87.   C. C. 2362, 2367.   *Gillett* v. *Deranco & al.* 6 An. 590.   *Pierre Breaux, Administrator* v. *Therence LeBlanc, Administrator,* lately decided.

We will here remark, as the point was made in argument, that the defendant having assisted and authorized his wife in various conveyances of landed property and slaves, declared in the acts to be her paraphernal property, the plaintiff was not required, as against the defendant, to prove the verity of the declarations of ownership.   C. C. 2235.   *Kirland* v. *N. O. Gas Co.* 1 An. 299.

We will now examine certain claims set up by the defendant against the separate estate of his deceased wife.

1st.   The District Judge rejected various claims, amounting in the aggregate to $410, which were paid by the community, for attorney's fees and costs, all incurred during the marriage, for the separate account of the defendants' wife.

This sum should have been allowed.   *Tucker* v. *Carlin & wife,* 14 An. 734.

2d.   The District Judge allowed to the community, the amount of a stock loan, $1950, paid to the Union Bank of Louisiana ; it being a personal debt of

the defendant's wife, but rejected the yearly interest paid on said bond, according to the charter of the bank. This item of interest amounting to $955 50 was erroneously disallowed. *Davis* v. *Robertson*, 14 An. 281.

3d. The defendant claimed $18,000, for the improvements made by the community, on the plantation inventoried as the separate estate of his wife. This property was appraised with all the improvements at $25,000; and the same was also appraised, having in view the improvements that were on it at the date of the marriage, but exclusive of the other improvements, at $11,200, thus making a difference in favor of the community of $13,800.

The District Judge based his calculation on the testimony of witnesses who valued the property, *first* in a state of nature, and *next* with all the present improvements; the Judge adding to the first estimate the value of the improvements, at the date of the marriage, say : $2602, thereby producing $8598 for the improvements made during the marriage.

The appraisement contained in the inventory, and re-affirmed by the appraisers on the stand, conforms more with the rule re-asserted in the case of *Babin* v. *Nolan*, 6 Rob. 509, than the mode pursued by the District Judge; yet we are not prepared to say that, in this particular instance, substantial justice was not rendered.

Some of the reasons assigned by the appraisers are not satisfactory to us ; for example, one of them, on his cross-examination, values the land, in a state of nature, at $40 per arpent, the very sum adopted by the court, and yet his estimate, with the improvements extant on the day of the marriage, and which consisted of 7 or 8 arpents of cleared land, some old negro cabins, an old corn house, and the present dwelling house, which has since been improved, falls short, by $1600 of the amount produced, at the rate of $40 per arpent.

The defendant's wife by act dated December 28th 1846, sold to *Charles Booksh* the undivided half of the plantation in question, together with other property, and acquired in return, from the purchaser, the undivided half of a number of slaves ; and the whole was thrown into an ordinary partnership. The wife thereafter took no concern whatever in the matter, and the husband acted as absolute master so far as his wife was concerned, until the 12th of October 1849, when the partnership was dissolved, and a mutual reconveyance made of the property transferred by the act of Dec. 28th 1846.

The District Judge applying, as we think erroneously from the facts disclosed by the evidence, the principle enunciated in the case of *Dodd* v. *Orillion*, 14 An. 68, deducted $7862, the presumed value of the improvements made during the existence of the partnership with *Booksh*, and thus found in favor of the community only $736.

This result is not, as far as our researches have served us, sustained by the evidence. The testimony of the former partner, *Booksh*, who had full means of knowledge, fixes the value of all the improvements made during their partnership, without making any allowance for wear and tear, at $4425.

The evidence shows that the defendant made numerous buildings, including a brick sugar house, and put in a state of cultivation, at the lowest estimate, 68 arpents of land, none of which are included in the estimate of *Booksh*, and yet the conclusion of our brother of the court *a quo* makes an allowance of only $736 for all these improvements.

By holding the parties strictly to their pleadings, the plaintiff could not obtain any deduction on the appraised value of the improvements made during the part-

BARBET
v.
ROTH.

nership with *Booksh*, for she was a party to the public inventory, and signed it without any protest, and in her petition her complaint is only directed to the amount of the valuation; she asserts no *separate* right to the improvements, and evidently concedes the interest of the community in the same.

But as the parties adduced on the trial, evidence *pro and con.*, we will, as has been repeatedly sanctioned by this court, give full effect to the evidence before us.

The defendant's wife, by the Act of October 12th 1849, acquired the undivided half of *Booksh* in the improvements made during the partnership, for which, under the proof, her separate estate is entitled to a deduction of $2212 50 on the value of the improvements, $8598, thus leaving $6385 50 to the credit of the community.

All the other dispositions of the judgment meet our approbation.

It is, for the reasons assigned, ordered and decreed, that the judgment of the District Court be amended by crediting the community: 1st, with the amount of attorneys' fees and costs, say four hundred and ten dollars; 2d, with the further sum of nine hundred and fifty-five 50-100 dollars, amount of interest paid to the Union Bank; and 3d, with the further sum of six thousand three hundred and eighty-five 50-100 dollars, amount of the improvements made on the separate landed property of *Lodoïska Langlois*, described in the public inventory of her estate, in lieu of the sum of seven hundred and thirty-six dollars, allowed by the District Judge.

It is further ordered and decreed, that the judgment of the lower court, amended as above, be affirmed, the plaintiff and appellee paying the costs of the appeal.

VOORHIES, J., absent.