12 So.2d 669

GILMORE v. RACHL.

No. 35455.

March 8, 1943.

Gill & Simon, of New Orleans, and M. R. Stewart, of Lake Charles, for plaintiff and appellant.

Plauche & Stockwell, of Lake Charles, for defendant and appellee.

O'NIELL, Chief Justice.

The plaintiff is appealing from an order of the judge revoking a previous order allowing her to sue in forma pauperis, and ordering her now to give a cost bond for $300 within ten days or suffer the dismissal of her suit. She is suing for damages, alleging that the defendant publicly slandered and abused her in the presence and hearing of many people in a dance hall of a night club, of which he was the proprietor.

The only question is whether the plaintiff is able financially to give the bond for $300. The only property that she owns, besides her interest in the property belonging to the matrimonial community, is a lot worth $150. On that lot and another, also worth $150, and belonging to the community, the residence, also belonging to the community and occupied by the husband and wife, was built. The house is unfinished inside, and, with the two lots, is valued at $1,100. There is a mortgage on the property for a debt exceeding $800, and a chattel mortgage on the household furniture to secure a loan of $60. Besides which there are doctors' bills amounting to $39 and other current bills to be paid, and a balance of $41.50 on an old rent bill which the husband was slowly paying off. He was employed by an oil company at a salary of $130 per month, which was increased to $137.50 within a month before the hearing of the rule. The testimony indicates that there were five members of the household, but does not show the relation of the husband and wife

to the three others. Without going further into the financial affairs of the family, we conclude that Mrs. Gilmore could not possibly furnish a cost bond of $300. To insist that she must furnish the bond within ten days or have her suit dismissed would simply deprive her of her right of access to the courts—unless her financial condition has improved materially since she was ordered to furnish the bond. It is possible that the financial condition of the plaintiff has improved since the order was rendered, because, for some unexplained reason, no motion was made to advance the case on the docket of this court and in consequence of this failure more than four years have gone by since the order complained of was rendered. On the evidence adduced at that time we shall set aside the order appealed from, and allow the plaintiff to proceed with the trial of her case in forma pauperis if her financial condition is not better now than it was when the judge revoked his order allowing her to proceed in forma pauperis. But, in remanding the case for further proceedings, we reserve to the judge the right to hear further evidence on the present financial condition of the plaintiff, and to be governed accordingly.

The order appealed from is set aside and the case is ordered remanded to the district court to be proceeded with in forma pauperis if the financial condition of the plaintiff is yet such that she cannot furnish the required bond for costs, reserving to the judge of the district court the right to hear further evidence on that subject and to be governed accordingly. The costs occa-

sioned by the traverse of the affidavits on which the plaintiff was allowed originally to proceed in forma pauperis, including the costs of the present appeal, are to be borne by the defendant; all other costs are to abide the final disposition of the case.

ODOM, J., absent.