Plaintiff filed this suit on November 7, 1942, to recover compensation at the maximum *Page 210 
rate of $20 per week for a period of 400 weeks, less certain payments already made, and plus certain medical expenses, on account of total and permanent disability alleged to have been sustained by him on November 11, 1941, when the top of a tool chest fell on him causing the injuries which produced the alleged disability. The suit was filed in forma pauperis on the affidavit of plaintiff that he was unable to pay the costs as they accrue, and was unable to give bond therefor, and on the supporting affidavit of R.E. Golden, dated September 25, 1942.
An answer was filed by the defendant and the case put at issue and the testimony of two physicians residing in Oklahoma was taken de bene esse on the application of the defendant, in December, 1942. And in the early part of 1943, the deposition of George Trombold was taken on the application of the defendant, the testimony of this witness showing, among other things, that plaintiff was employed by the Boeing Airplane Company of Wichila, Kansas, on November 3, 1942, a few days before the suit was filed, and was working for that company when the deposition was taken, on the basis of 75¢ per hour, 7 1/2 hours per day, and 6 days per week. After this deposition was returned, the defendant filed a rule against the plaintiff to show cause why the order permitting plaintiff to prosecute his suit in forma pauperis should not be set aside and plaintiff ordered to pay the cost, or have his suit dismissed.
In answer to the rule, the plaintiff, through his attorney, alleged that he was unable to pay the costs or give bond therefor; that he was forced to get a job and do some work under pain and discomfort in order to earn a living for himself and wife; that he was unable to come to Abbeville to attend the hearing on the rule. On the application of counsel for plaintiff, the hearing on the rule was continued from time to time and was finally heard over the objection of counsel for plaintiff on September 7, 1943.
The defendant offered the deposition of Trombold and a certified copy of an act of sale of certain property from plaintiff to Donlon et al., on March 24, 1943, wherein plaintiff sold the property for a purported consideration of $2,225 cash. Plaintiff's attorney offered the original proceedings and affidavits pertaining to the subject matter of the rule, including the sworn statement of plaintiff in his letter to his attorney dated March 15, 1943, to the effect that he was still unable to pay the costs and could only make a living for himself, and was still suffering from injury. It was stipulated that the plaintiff's attorney would have the right to file in the record any written evidence showing any mortgages on the property sold by plaintiff to Donlon. In line with this agreement, counsel for plaintiff filed in evidence a notarial declaration by Donlon to the effect that plaintiff did not receive any cash from said sale, but that the property was retroceded by plaintiff to pay preexisting mortgages thereon shown on a certificate of the clerk of court, also filed in the record.
The trial judge signed a judgment on April 16, 1945, rescinding and setting aside the order of November 7, 1942, permitting plaintiff to prosecute his suit in forma pauperis, and ordered him to pay all costs incurred to date within fifteen days, and to pay future costs as they accrue, otherwise that his suit stand dismissed. The plaintiff took an appeal from this judgment.
[1] Since the record shows that the property which plaintiff sold after he filed this suit was nothing more than a retrocession and he received no money from that sale, the only evidence remaining to traverse the order permitting the plaintiff to prosecute his action in forma pauperis is the fact that he was employed on November 3, 1942, and was working in the early part of 1943 at a wage of something over $130 per month. The question is whether or not out of this income he is able to pay the costs or give bond therefor. The defendant unquestionably has the right to show at any time during the progress of the litigation between it and plaintiff that the latter is able to pay the costs or give bond therefor. Until such showing is made, the plaintiff has a right to prosecute his suit under the original order permitting him to file and prosecute his suit in forma pauperis in accordance with the provisions of Act 156 of 1912, as amended.
[2, 3] The purpose of the above act is to permit a person who is unable to pay court costs or give bond therefor to prosecute his claim in the courts of the state so as not to deprive him of the opportunity of having his rights adjudicated because he is in the unfortunate position of being financially unable to meet the requirements of *Page 211 
asserting his claim in the courts. The trial judge has the right and it is his duty to see that the privileges granted by this act are not abused and the officers whose services are required to be rendered free of charge are not imposed upon. The trial judge in the present case evidently thought that the amount of wages which the plaintiff was earning was sufficient for him to pay the accrued costs and meet the other costs as they accrue.
[4, 5] The record shows that three depositions had been taken in the case up to the time the rule was filed, and it is indicated that the costs accrued and to further accrue on the trial of the case would amount to a considerable sum. We can take judicial notice of the fact that the cost of living has materially advanced in the past few years, and it would hardly seem possible that a man making around $130 per month would have sufficient money to pay the costs in a case of this kind after paying for the bare necessities of life for himself and wife. In the recent case of Gilmore v. Rachl, 202 La. 652,12 So.2d 669, the Supreme Court held that a plaintiff whose principal means and income consisted of the wages of her husband amounting to $137.50 per month could not be required to give a cost bond of $300. While it appears that there were five members in the household of that family, there was nothing to show the relation of the husband and wife to the other three members. We think that case is controlling in the present case.
The point is made by counsel for the defendant that the affidavits showing inability to pay costs on which the original order of November 7, 1942, was signed by the judge, were dated over a month before the order was signed; that, while plaintiff might have been unable to pay the costs or give bond when the affidavits were signed, yet he could well have been able to do so when the suit was filed. However, there is nothing to show that there was any change in his financial status during this short period other than the fact that he got the job referred to above which was not sufficient, as we have already held, to enable him to pay the costs or give bond therefor.
For the reasons assigned, it is ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the record be remanded to the district court and the case proceeded with according to law and the views herein expressed; costs of the appeal to be paid by the defendant in the suit.