MOISE, Justice.
Mrs. Sallie Holmes Fields made application to this Court for remedial writs of certiorari and mandamus, Article VII, § 2, LSA-Constitution of 1921, petitioning for her alleged right to prosecute her suit in forma pauperis. Our learned brother below, with reasons, refused her application.
Relatrix was granted writs by this Court, and the following order was issued:
“It Is Ordered That the Honorable Walter M. Hunter, Judge of the Ninth Judicial District Court for the Parish of Rapides, grant to relator permission to sue in forma pauperis, on or before May 25th 1955, or show cause in this Court on June 3rd 1955 why the relief prayed for in the petition of relator should not be granted.
“It Is Further Ordered That, in the event respondent fails to comply with the aforesaid order on or before May 25th 1955, that a writ of certiorari issue herein directing respondent to transmit to the Supreme Court of Louisiana, on or before June 3rd 1955, the record, or a certified copy of the record, in the proceedings complained of by relator herein that the validity of said proceedings may be ascertained.”
The Judge of the trial court filed an answer to the rule to show cause.
To make our ruling better understandable, a short historical background of this litigation is quoted from the case of State of Louisiana ex rel. Fields v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312, 313:
“The case was originally brought on January 20, 1951, on the relation of Sallie Holmes Fields, who alleges that she is and has been a permanent teacher in the public schools of Rapides Parish, having been employed by the defendant Board continuously at the South Alexandria Elementary School for Negroes from 1925 until the school term beginning in September 1946; *151 that, at that time, she was ill in California, where she had gone during the vacation period; that she notified the Superintendent of Public Schools of her disability and requested in writing a' one-year leave of absence; that the Superintendent did not reply to her request and, due to her illness, she was unable to perform her duties during the school- term of 1946-1947; that, upon her recovery in July of 1947, she notified the Superintendent of her ability to resume her duties at the opening. of school in September of 1947 and asked’ that she be reinstated in her former position; that the Superintendent thereupon advised her that her previous request for leave of absence had not been granted and that the Board considered that she had abandoned her position; that, having attained the status of permanent teach.er within the meaning of the Teachers’ Tenure Act, LSA-R.S. 17:441-444, the defendant. Board was without right or authority to remove her from office except upon the filing of written charges against her and after a hearing, and that she is therefore entitled to be reinstated and to recover the salary that she lost by reason of the unlawful action of the defendant.”
This suit was originally brought in relatrix’ own name. A supplemental and aifiended petition was filed in order to coihpty with the ruling of the Court of Appeal for the First Circuit in the case of Riche v. Ascension Parish School Board, La.App., 200 So. 681, by which case we think the trial judge was bound. In the Riche case, supra, it was held that the demand by a teacher, who was a married woman, for unpaid salary alone must be made by her husband, as her salary forms part of the community of acquets and gains, which is recoverable only by the husband as head and master. By the supplemental and amended petition, Richard Fields was substituted as relator in place of his wife, Sallie Holmes Fields.
Judge Allen V. Hundley, then trial judge, overruled all exceptions and entered judgment on the merits, ordering that relator’s wife, Sallie Holmes Fields, be reinstated to her former position and the Rapides Parish School Board pay relator $14,688.29 for his wife’s back salary.
From that judgment, an appeal was taken to this Court. State of Louisiana ex rel. Fields v. Rapides Parish School Board, supra. We held:
“ * * * that relator. is not entitled to proceed summarily, as suit'for reinstatement under the teacher’s tenure law is an ordinary proceeding which must be initiated by petition and citation.”
We further said:
“The exception of no right of action challenges relator’s right to compel the School Board to reinstate his wife and to- pay him her back salary.”
*153 It was further held:.
“ * * * that the right of a permanent teacher to the protection afforded by the provisions of the Teacher’s Tenure Act is a personal one which cannot be asserted by anyone else in his or her behalf, not even on the hypothesis that it belongs to the conjugal partnership where the teacher is a married woman.”
Our judgment annulled and set aside the judgment of the trial court, sustained the exception of no right of action, and dismissed relator’s suit.
In the present controversy' relatrix has followed the mandate of this Court by filing suit in her own right, alleging that: . -
“Petitioner, a citizen of this State ánd ' Parish is unable because of her poverty and lack of means, to pay the present and future costs of this litigation or. to give bond for the payment of said costs; and that, she is entitled to all of the benefits of the provisions of Title 13:4525 of the 1950 Revised Statutes of the State of Louisiana, providing for suits in forma pauperis.”
The requirements of LSA-R.S. 13:4525, relating thereto, and also LSA-R.S. 13:4526, are attached to her application.
LSA-R.S. 13:4527 reads:
“* * * In case there is judgment in such cause in favor of the litigant so privileged, the opposite party condemned to pay the costs shall pay the same to the officers aforesaid, who shall have a priority of claim for the costs over the litigant granted the benefit of the provisions of R.S. 13:-4525 through 13:4529 or the attorney or attorneys employed in the cause on any amount collected on any judgment rendered whether by execution or otherwise. No compromise shall be effected unless the cost due these officers will first have been paid. ‡ * ”
Judge Walter M. Hunter, trial judge in the instant case, made an inquiry into-the financial status of relatrix and "her' husband. He found that the husband works ás a presser in a dry cleaning establishment and earns, or is capable of éárning, $40 per week, and there is at-' tached information as to his property cert!-' fied by the Clerk of Court of Rapides Parish. If relatrix is successful in this litigation, costs would have to be paid, LSA-R.S. 13:4527, before any other claim is satisfied.
In the case of Dilley v. Phillips Petroleum Co., La.App., 24 So.2d 209, 210, it is stated:
“The purpose of-the above act is to permit a person who is unable to pay court costs or give bond therefor to prosecute his claim in the courts of the state so as not to deprive him of the opportunity .of having his rights adjudicated because he-is in the unfortunate position of being financially, unable, to meet the requirements of asserting his claim in the courts. * * * ”
*155 In the case of Gilmore v. Rachl, 202 La. 652, 12 So.2d 669, this Court ignored community holdings. It permitted a married woman, who was suing for damages for alleged public slander, to proceed in forma pauperis instead of furnishing a cost bond for $300.
Since the requirements of our previous decision in this litigation are that the action is personal to the wife and that this condition prevails up until the time the fund is collected, it is, therefore, manifest that having no funds of her own the relatrix is entitled to have this case tried and determined without the prepayment of costs.
The judgment of the trial court, denying relatrix the right to file this suit in forma pauperis, is reversed and set aside; the writs are made peremptory; the case is remanded to the district court, and the judge is ordered to proceed in accordance with the views herein expressed.