ELLIS, Judge.
Plaintiffs, Mrs. Lou Ella LaFleur Fon-tenot and Daniel Burke Fontenot in his capacity as administrator of the estate of his minor child, Gary Keith Fontenot, have appealed from a judgment of the district court dismissing their suit as of non-suit for failure to comply with an order of the lower court which required plaintiffs to make proper provision for court costs within sixty days under penalty of dismissal as of non-suit. The court had, in the inception of the suits by plaintiffs, allowed the latter to proceed in forma pauperis, however, a rule was filed by the defendants to traverse the order, and upon a trial the lower court held that the plaintiffs were able to pay the costs and rescinded the order allowing the plaintiffs to proceed in forma pauperis. The appeals were allowed without the furnishing of cost of security, based upon authorities urged for the first time in the motion for an appeal in forma pauperis, viz., Fields v. Rapides Parish School Board, 1955, 228 La. 148, 81 So.2d 842, and Causey v. Opalousas-St. Landry Securities Company, 1937, 187 La. 659, 175 So. 448.
The plaintiffs rest their case squarely upon the Fields and Causey cases, supra, by the Supreme Court. On the other hand, the defendants concede that any damages which could be recovered by the wife, Mrs. Fontenot, are her separate property, as well as any damages recovered on behalf of the minor child. The defendants also concede that the Fields case, supra, is squarely against them, however, they argue that the costs should be advanced by the community because the husband has the *35 administration of the paraphernal property of his wife, Article 2385, and as such must act as a prudent administrator, De Young v. De Young, 9 La.Ann. 545, and if he fails to administer his wife’s separate estate properly upon dissolution of the union, the wife or her heirs have a cause of action against him to recover damages sustained by his improper administration, citing De Young v. De Young, supra; Barbet v. Roth, 16 La.Ann. 271.
Based upon the above cited Article of the Civil Code and the authorities cited to substantiate defendant’s argument, the latter takes the position that as the community has been judicially declared as financially able to pay the cost of the suit, the husband as head and master of the community, must in the performance of his duties imposed upon him by the Civil Code (as administrator of his wife’s separate estate) provide from the community assets the cost of the wife’s separate suit as it is necessary for the conservation of her separate estate. It would appear that the defendants are assuming something that does not exist in this case as we are not dealing with any paraphernal property of the wife, which is subject to the husband’s administration and, therefore, the community cannot be compelled to furnish costs necessary for the conservation of her claim.
Defendants’ next contention is that the husband is required by the LSA-Civil Code, Article 120, to provide his wife with the conveniences of life, and in compliance with this codal provision the courts have held a husband liable for debts incurred by the wife, citing D. H. Holmes Co. v. Huth, La.App., 49 So.2d 875, and that under Article 119 of the LSA-Civil Code the husband and wife owe to each other mutuality, fidelity, support and assistance, and that, therefore, in view of the above obligations imposed upon the husband by law and the jurisprudence interpreting same that it would be most unrealistic for this court to hold that the husband has no obligation to provide his wife with the necessary means to proceed with her law suit. The advancement of costs to the wife for the prosecution of a separate claim for damages by the husband from the community assets has not been designated by our law nor recognized by our jurisprudence as being among the requirements “for the convenience of life” which the husband is obliged to furnish the wife under Article 120 of the LSA-Civil Code and the jurisprudence cited by defendants, supra. In addition, there is no legal obligation under which the wife could secure funds from the community to take care of the cost of prosecuting her separate claim for damages, nor by which she could compel the husband as head and master of the community to furnish funds for costs for the prosecution of her separate claim. Regardless of the financial condition of the community, whether it be worth millions, there is no legal obligation imposed nor provided by which a wife can secure therefrom funds necessary for the prosecution of her personal suit for damages which, when successfully prosecuted no judgment, become her separate paraphernal property. Therefore, a wife without separate means sufficient to prosecute her separate claim, upon the refusal of the community to supply the necessary funds to prosecute the suit, would lose her claim were it not for LSA-R.S. 13:4525, providing for suits in forma pauperis.
In addition to what we have previously stated, counsel for the defendants concedes that the Supreme Court has definitely held in the case of Fields v. Rapides Parish School Board, supra, that [228 La. 148, 81 So.2d 844]:
“Since the requirements of our previous decision in this litigation are that the action is personal to the wife, and that this condition prevails up until the time the fund is collected, it is, therefore, manifest that having no funds of her own the relatrix is entitled to have this case tried and determined without the prepayment of costs.”
*36 Even though the Fields decision were not correct, which we do not believe, we are bound thereby.
Defendant contends as to the claim of Fontenot for his minor child, Gary Keith Fontenot, that the former is able to pay the costs of this suit, and the mere fact that the minor child has no estate of his own does not relieve the father of the requirement of payment of the costs. He bases this statement upon a quote from McMahon, Louisiana Practice, Vol. 1. Pg. 164, et seq., which in effect states that when the parents of the minor are legally married, both alive and have never been divorced or separated, the proper party plaintiff to assert a right belonging to the minor is the father as the administrator, which is correct, but does not state that in the event the minor is destitute that the father must advance the costs to prosecute the minor’s separate claim for damages. Defendants then argue that under the provisions of the Code, Article 221, the father, being the administrator of the estate of his minor child during the marriage shall be accountable both for the “property and revenues of the estates the use .of which he or she is not entitled to by law, and for the property only of the estate the usufruct of which the law gives him or her”, and under Article 235 that the mothers and fathers owe protection to their children and as long as they are under their authority must appear for them in court in every kind of civil suit, in which they may be interested, etc., and finally “and conclusively” is provided in Article 589 that: “Fathers and mothers who enjoy the legal usufruct of the property of their children, are bound to support the expenses of all suits concerning that property, in the same manner as if they were the owners of it,” and therefore under the above articles and the law the father has the right, “as well as the duty, to appear in court for him and to bear the cost of the litigation.”
We believe that what we stated previously as to the separate claim of the wife is applicable to the separate claim of the minor herein, viz., that this claim does not constitute the kind of property referred to under the articles of our Civil Code, supra, until reduced to judgment, and until this has been done there is no estate for the father to' administer or be accountable for, nor any legal usufruct of any property of the child for the father and mother to enjoy nor is this a suit concerning a minor’s property, for which they are bound to support the expenses as stated in Article 589 of our LSA-Civil Code. The destitute minor is in the same category as the destitute wife insofar as being able to demand or compel the community, even though it be financially able, to advance costs for the prosecution of his separate claim. The father has complied with the law in presenting the claim of the minor to the courts. The destitute minor has a right to proceed in forma pauperis as provided in LSA-R.S. 13:4525.
We are not unmindful of the provision of the pauper act that:
“Judges of the various courts shall restrict the benefits of this Section to those litigants clearly entitled thereto, but with due regard to the nature of the cause of action, the prospective court costs and the means of the litigant to pay such court costs or make provision therefor, so that those actually entitled to the relief provided by this section may receive it in proper instances, but that the fomentation of litigation by the indiscriminate resort to this Section be avoided.”
In this case the litigants, plaintiff wife and plaintiff minor, are personally unable to pay such court costs or “make provisions therefor” as they have no assets of their own nor legal means at their command provided by law to compel the community, through the husband and father, to advance the necessary costs for the prosecution of their separate claims.
For the above and foregoing reasons the judgment of the District Court is reversed and it is now ordered that the case be *37 remanded to the District Court and that the plaintiff, Mrs. Lou Ella LaFleur Fontenot, be allowed to proceed in forma pauperis, and that the plaintiff, Daniel Burke Fon-tenot, as administrator of the estate of his minor child, be allowed to proceed in forma pauperis on behalf of the claim of the minor, all in accordance with LSA-R.S. 13 :- 4525, and that the cases be proceeded with in accordance with law and consistent with the views herein expressed.
Reversed and remanded.