SANDERS, Justice.
 

 This is an action for damages for personal injuries. Billy Heyse, in his capacity as administrator of the estate of his minor son, Rufus Wayne Heyse, sued for damages for personal injuries sustained by his son in an automobile accident. Upon the affidavits of plaintiff and a third party that the minor son was unable to pay the court costs, the trial judge entered an order authorizing prosecution of the action in forma pauperis under Article 5183 of the Louisiana Code of Civil Procedure. The defendants challenged the right of plaintiff to proceed in forma pauperis. After an evidentiary hearing in which the father conceded that he was financially able to pay court costs, the trial judge rescinded his order authorizing the action to be prosecuted without the payment of court costs. Plaintiff then applied to the Court of Appeal for supervisory writs.- The Court of Appeal denied the application, stating that the ruling of the trial court was correct. Upon plaintiff’s application under our supervisory jurisdiction, we granted writs to determine the legality of the ruling. La., 225 So.2d 476 (1969).
 

 The key articles of the Louisiana Code of Civil Procedure provide:
 

 Article 5181:
 
 “A
 
 person who is unable
 

 to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.
 

 “As used in this chapter: ‘judicial proceeding’ includes a rule for contempt for failure to pay alimony or child support ordered by the court, but otherwise excludes an action for a divorce or for a separation from bed and board; and ‘person’ means an individual who is a citizen of this state, or an alien domiciled therein for moré than three years.” “ '
 

 Article 5182: “The privilege granted by
 

 this Chapter shall be restricted to liti
 
 *132
 
 grants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto.”
 

 The purpose of these articles is to enable indigent persons to assert their causes in the courts of this state. A person suing in a representative capacity may sue in forma pauperis if he otherwise qualifies under the Articles. Causey v. Opelousas-St. Landry Securities Co., 187 La. 659, 175 So. 448 (1937).
 

 The precise question presented here is whether a father of means is entitled to sue for damages in forma pauperis when he appears as administrator of his child’s estate, consisting only of the cause of action asserted.
 

 To support his entitlement to the privilege, relator relies upon Fontenot v. United States Fidelity & Guaranty Co., 113 So.2d 33 (1959), a decision of the intermediate Court of Appeal holding that a father of means can sue in forma pauperis when appearing as administrator of his minor child’s estate. It was primarily because of this decision that we granted supervisory writs in the present case.
 

 During the marriage, the father is the administrator of the estate of his minor children and has a legal usufruct of the estate until the children’s majority or emancipation. LSA-C.C. Arts. 221, 223, 540. As administrator of the estate, the father is the proper plaintiff to enforce a right of the children. LSA-C.C.P. Art. 683; LSA-C.C. Art. 235.
 

 Article 589 of the Louisiana Civil Code provides:
 

 “Fathers and mothers who enjoy the legal usufruct of the property of their children, are bound to support the expenses of all suits concerning that property, in the same manner as if they were the owners of it.”
 

 Under this Article the lawmakers have imposed upon the father the duty of bearing the expenses of all suits concerning his children’s property. The father, of course, has the usufruct of any monies or property recovered in such suits.
 

 In Fontenot v. United States Fidelity & Guaranty Co., however, the Court of Appeal held that a father’s suit to recover damages for personal injuries to his child was not a suit concerning the child’s property within the meaning of .the Article.
 
 *134
 
 We are now convinced the court erred in so holding. The decision on this point stands alone in the jurisprudence and must be rejected.
 

 A cause of action for damages is an incorporeal right and a
 
 thing
 
 or
 
 property
 
 under Louisiana law. LSA-C.C. Art. 460; Yiannopoulos, Civil Law of Property, § 13, pp. 33-36 (1966). Thus, a cause of action for damages is property subject to the father’s usufruct. LSA-C.C. Arts. 223, 540, 541. Moreover, for tutorship purposes, such a cause of action is subject to inventory and appraisal. LSA-C.C.P. Arts. 4101, 5251(13). See also LSA-C.C. P. Form 90 lh.
 

 A suit for such damages, in our opinion, is a suit concerning the child’s property. Under the law, the father is bound for the payment of court costs. It follows that a father who concededly has the means to defray such costs is disqualified from litigating such a suit in forma -pauperis.
 

 We hold, as did the trial court, that the father is ineligible to prosecute this action in forma pauperis.
 

 For the reasons assigned, the judgment of the district court is affirmed. Relator shall pay all costs in this court, and other costs shall await the outcome of the litigation.