SANDERS, Justice
(concurring).
As I construe the majority opinion, it holds that a husband’s cause of action for damages in tort arising while he and his wife are living together in community is community property. Since the cause of action is community property, the money *269 received in settlement of the cause of action is likewise a community asset.
I take the position that a cause of action is property. LSA-C.C. Art. 460; Heyse v. Fidelity & Casualty Co. of New York, 255 La. 127, 229 So.2d 724 (1969); Yiannopoulos, Civil Law of Property, § 13, pp. 33-36 (1966).
Being property, a husband’s cause of action for damages must be classified upon the termination of the community as either community property or the separate property of the husband. Under Articles 2334[1] and 2402[2] of the Louisiana Civil Code, a husband’s cause of action for damages in tort arising while he and his wife are living together is clearly community.
Since the codal articles classify the cause of action as community, the courts must apply the classification until it is changed by the Legislature. See Pascal, Matrimonial Regimes, 27 La.L.Rev. 455, 456-457.
For the reasons assigned, I respectfully concur in the decree.

. ’ “This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right • of ■ ' in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by . donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not ofM both, because in that case the period pf-time when the purchase is made is alone attended to, and not the person'who made ■■ the purchase. But damages resulting from personal injuries to the wife shall not form part of this community, but shall’ always be and remain the separate prop-,, erty of the wife and recoverable by lierself alone; ‘provided where the injuries sustained by the wife result in her death, the right to recover damages shall be ¡as now provided for by existing laws.’ ” ' .