LEMMON, Judge.
Relatrix, Mrs. John McCoy, has applied for supervisory writs under C.C.P. art. 2201, complaining of the trial judge’s denial of her “Motion to be Relieved from Posting Jury Bond & to Proceed in Forma Pauper-is”.
Mr. and Mrs. McCoy instituted this tort action to recover separately certain damages sustained when Mrs. McCoy was injured on defendant’s premises. Mrs. McCoy sought to recover general damages, while Mr. McCoy sought to recover the damages owed to the community for his wife’s past and future medical expenses and loss of earnings.
The original petition requested a jury trial, but Mr. McCoy waived the jury trial as to his claim and refused, as head and master of the community, to supply community funds to post the necessary bond for the jury trial of his wife’s claim. Mrs. McCoy then filed the subject motion, alleging that her separate estate had no means to pay the cost of suit and particularly the $1,000.00 jury bond.
In Fields v. Rapides Parish School Bd., 228 La. 148, 81 So.2d 842 (1955), a suit by a married woman, whose husband was a wage earner, for reinstatement in her employment and recovery of her unpaid wages, the Supreme Court reversed the trial court’s denial of the wife’s right to proceed in forma pauperis, stating:
“Since . . . the action is personal to the wife and . . . this condition *977 prevails up until the time the fund is collected, it is, therefore, manifest that having no funds of her own the relatrix is entitled to have this case tried and determined without the prepayment of costs.”
The court in the Fields case followed its earlier decision in Gilmore v. Rachl, 202 La. 652, 12 So.2d 669 (1943), which permitted a married woman in a defamation action to proceed in forma pauperis instead of furnishing a cost bond.
We distinguish the present case from the Fields and Gilmore cases, both of which involved claims by the wife alone on causes of action which accrued to her. We believe that the posture of the present cases raises significant policy questions which justify distinguishing the two cited cases.
Here, both spouses are together attempting to recover all of the damages arising from an injury to one spouse, but are together unwilling to underwrite the risk of an unsuccessful trial by jury. To allow the wife to proceed alone with a jury trial in forma pauperis under these circumstances would make ludicrous the fundamental concept of C.C.P. art. 5181 et seq., which accord a privilege to indigent litigants who would, otherwise be deprived because of their poverty of benefits to which they are entitled.
While theoretically a husband and wife with separate causes of action arising out of the same injury could proceed in separate actions in separate parishes (if there were no venue problems), we believe that to allow them to proceed in the same action, one before the judge upon payment of costs and the other before the jury in forma pauperis, does substantial violence to the purpose of the forma pauperis procedure and sets dangerous precedents. If this motion were granted, virtually every husband-wife cumulated action for damages from injuries sustained by the wife could be separately prosecuted in forma pauperis, without regard to whether the husband-wife partnership is able to afford the cost of prosecuting the claim. Perhaps two unrelated plaintiffs, joined in a cumulated action, would be entitled to the relief sought by this motion. But the relationship between these plaintiffs, acting in concert to recover all damages arising out of an injury to one party-, justifies the trial judge’s denial of the motion.
A trial judge has wide discretion in granting or denying applications to proceed under C.C.P. art. 5181 et seq. While this discretion must be exercised reasonably and is subject to review for abuse, we find no abuse of discretion under the circumstances of this case.
The application is denied.

APPLICATION DENIED.