DIXON, Justice.
The plaintiffs, husband, and wife, Bobbye Kirkland and John Howard McCoy, Sr., brought an action for damages against the defendant, Winn-Dixie Louisiana, Inc., for injuries suffered by the wife in a slip and fall accident in defendant’s store. Plaintiffs prayed for a jury trial; when the jury bond was fixed at $1000.00, the plaintiffs filed a motion to permit the wife to proceed in forma pauperis. The wife’s claim, of course, was for her personal injuries; the husband’s claim was for medical expenses and for the loss of the wife’s earnings. The husband waived his right to a jury trial and refused to permit the community to post the $1000.00 bond.
Evidence was taken as to the means of the plaintiffs, and the trial judge declined to permit the wife to proceed in forma pauperis. La.App., 339 So.2d 976. On application for writs to the Court of Appeal, the trial court was affirmed. We granted writs to review these rulings. 341 So.2d 406 (La.1977).
The record discloses that the plaintiff wife is employed parttime at a hospital, and makes about $300.00 a month. She has no assets other than her interest in the community, which apparently only consists of the earnings of the husband and wife. The plaintiff husband is employed at $850.00 a month. The record discloses no other community property and no other separate property of the plaintiffs. All their earnings are used “to support the family.”
*1177 The trial judge denied the wife’s motion to proceed in forma pauperis, believing that the earnings of the husband and wife, totaling $1150.00 a month, would enable them to post the jury bond.
The issue to be decided is whether the existence of community assets would prevent the wife from proceeding in forma pauperis in an action for damages which, if recovered, would constitute her own separate property, and not fall into the community. We answer the question in the negative.
There is no allegation by the defendant that the wife has sufficient separate property to prevent her from proceeding in for-ma pauperis. In addition, it has not been seriously argued that when a wife seeks to prosecute an action which is hers alone, that the cost of litigation is a “necessary” which the husband is obligated to provide. C.C. 120. See Fontenot v. United States Fidelity & Guaranty Co., 113 So.2d 33 (La.App.1959).
Mrs. McCoy testified that there was no premarital contract providing that the community of acquets and gains would not come into effect. See C.C. 2392. Therefore, Mrs. McCoy’s earnings were community property. C.C. 2334, 2402.
While the wages of the two spouses are community property during the existence of the marriage, the wife, with certain exceptions (e. g. C.C. 2425) does not have the use of her one-half of the community prior to the dissolution of the marriage. The wife’s interest in the community has been described as an “imperfect ownership without use.” Creech v. Capitol Mack, Inc., 287 So.2d 497 (La.1974).
C.C. 2334 provides in pertinent part:
“The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property.” (Emphasis added).
C.C. 2402 provides:
“This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone; ‘provided where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws.’ ” (Emphasis added).
In Fields v. Rapides Parish School Board, 228 La. 148, 81 So.2d 842 (1955), Mrs. Fields sued the school board for reinstatement to the position of teacher and for lost wages during her period of dismissal. (Previously this court had held that the right of a permanent teacher to sue for reinstatement and back pay was a right personal to the teacher and that it had to be asserted by the teacher. State ex rel. Fields v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312 (1955)). Mrs. Fields sought to prosecute that action in forma pauperis. The plaintiff had no funds of her own but the trial judge found that her husband worked in a dry cleaning establishment earning, or capable of earning, $40.00 per week. Therefore, the trial judge denied the plaintiff the right to proceed in forma pauperis. This court reversed the ruling of the trial judge with the following language:
“In the case of Gilmore v. Rachl, 202 La. 652, 12 So.2d 669 [1943], this Court ig *1178 nored community holdings. It permitted a married woman, who was suing for damages for alleged public slander, to proceed in forma pauperis instead of furnishing a cost bond for $300.
“Since the requirements of our previous decision in this litigation are that the action is personal to the wife and that this condition prevails up until the time the fund is collected, it is, therefore, manifest that having no funds of her own the relatrix is entitled to have this case tried and determined without the prepayment of costs.” 228 La. at 155, 81 So.2d at 844.
The case before us now presents virtually the same issue for determination, with one exception: in the present suit the wife is asserting a claim for her damages and the husband is asserting a claim for the losses suffered by the community. The Court of Appeal noted this difference in distinguishing the Gilmore and Fields decisions:
“We distinguish the present case from the Fields and Gilmore cases, both of which involved claims by the wife alone on causes of action which accrued to her. We believe that the posture of the present cases raises significant policy questions which justify distinguishing the two cited cases.
“Here, both spouses are together attempting to recover all of the damages arising from an injury to one spouse, but are together unwilling to underwrite the risk of an unsuccessful trial by jury. To allow the wife to proceed alone with a jury trial in forma pauperis under these circumstances would make ludicrous the fundamental concept of C.C.P. art. 5181 et seq., which accord a privilege to indigent litigants who would otherwise be deprived because of their poverty of benefits to which they are entitled.
“While theoretically a husband and wife with separate causes of action arising out of the same injury could proceed in separate actions in separate parishes (if there were no venue problems), we believe that to allow them to proceed in the same action, one before the judge upon payment of costs and the other before the jury in forma pauperis, does substantial violence to the purpose of the forma pau-peris procedure and sets dangerous precedents. If this motion were granted, virtually every husband-wife cumulated action for damages from injuries sustained by the wife could be separately prosecuted in forma pauperis, without regard to whether the husband-wife partnership is able to afford the cost of prosecuting the claim. Perhaps two unrelated plaintiffs, joined in a cumulated action, would be entitled to the relief sought by this motion. But the relationship between these plaintiffs, acting in concert to recover all damages arising out of an injury to one party, justifies the trial judge’s denial of the motion.” 339 So.2d at 977.
During argument of this case, counsel for defendant Winn-Dixie admitted that if Mrs. McCoy were prosecuting her action alone (i. e., if the husband were not seeking damages in the same suit for losses suffered by the community), she could proceed in forma pauperis. We do not find this distinction controlling.
The presence of Mr. McCoy in the lawsuit does not alter the basic nature of the claims. Mrs. McCoy is only seeking to recover general damages for her own injury. Under the interpretation advanced by the Court of Appeal and the defendant, if Mr. and Mrs. McCoy had decided to pursue their claims in separate suits, Mrs. McCoy would be able to proceed in forma pauperis. To deprive her of that right, simply because both plaintiffs are asserting their claims in one suit, is to create a purely artificial distinction. Since Mrs. McCoy has no other separate property and is asserting an action which is her separate property, she should be permitted to proceed with this action without being required to post a jury bond.
Defendant’s reliance on Heyse v. Fidelity & Casualty Co. of New York, 255 La. 127, 229 So.2d 724 (1969), is misplaced. The Heyse case overruled a holding in Fontenot v. United States Fidelity & Guaranty Co., supra, that a father’s suit to recover damages for his child’s personal injuries was not *1179 a suit concerning the child’s property within the meaning of C.C. 589.
Fontenot v. United States Fidelity & Guaranty Co., supra, decided two points. There, the plaintiffs were husband and wife, parents of a child. Mr. Fontenot sued in his capacity as administrator of his minor child for injuries suffered by the child. Mrs. Fontenot sued for damages which she suffered in the accident. The district court found that the plaintiffs were able to pay costs, and declined to permit them to proceed in forma pauperis. The Court of Appeal reversed.
The only property owned by the plaintiffs was community assets. The Court of Appeal held that there was no legal obligation under which the wife could secure community funds to prosecute a claim for damages, her separate property, and the wife without separate means was permitted to prosecute the suit in forma pauperis.
Heyse reversed Fontenot only with respect to the prosecution of the minor’s claim by the father of the minor. Heyse relied on a specific Civil Code article which seemed to require the father to provide the expenses of litigation on behalf of their child, over whose property the father had the usufruct:
“Fathers and mothers who enjoy the legal usufruct of the property of their children, are bound to support the expenses of all suits concerning that property, in the same manner as if they were the owners of it.” C.C. 589.
The Heyse ease, although exercising broad language in overruling Fontenot v. United States Fidelity & Guaranty Co., was not concerned with the problem of a wife with no separate property whose husband would not permit the solvent community to provide the costs of litigating the wife’s separate claim.
For the reasons assigned, the judgments of the trial court and the Court of Appeal are reversed and the case is remanded to the district court for further proceedings not inconsistent with the views herein expressed; defendant is east for all costs of this determination.
SANDERS, C. J., dissents.
SUMMERS, J., dissents.
MARCUS, J., dissents and will assign reasons.