386 So.2d 707 (1980)
Paul Dallas JOLIVETTE, Plaintiff-Appellant,
v.
Priscilla Pitre JOLIVETTE, Defendant-Appellee.
No. 7761.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1980.
W. H. Whitaker, Acadiana Legal Services, Lafayette, for plaintiff-appellant.
Peter C. Piccione, Jr., Lafayette, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
The sole issue for determination in this case is whether or not the district court abused its discretion in refusing to permit the appellant, Paul Dallas Jolivette, the right to prosecute his appeal from the merits of a divorce action in forma pauperis.
We note at the outset that the record does not contain any testimony or salient *708 facts giving rise to this litigation. Counsel for appellant has designated the contents of the record which contains the following:
(1) the motion and order of appeal dated December 21, 1979;
(2) the affidavit of financial status of appellant;
(3) the affidavit of poverty of Alice Comeaux and Paul Dallas Jolivette;
(4) the motion and order of appeal dated February 29, 1980; and
(5) the designation of contents of record.
Appellant herein filed an action for divorce against his former wife on June 15, 1979. The divorce was based on the ground of living separate and apart for one year after a judgment of legal separation. Appellant did not file in forma pauperis in the divorce action in that he paid $50.00 in advance court costs. Appellant prayed that his child support obligation of $69.00 as previously fixed by the judgment of separation remain constant. At the time of the divorce proceedings, appellant had two minor children and one child who had attained the age of majority. The defendant-appellee, Priscilla Jolivette, filed an answer admitting the allegations of appellant's petition and reconvened for an increase in child support for the two minor children. Appellant's major daughter, Jewel Jolivette, who is also an appellee herein, intervened, asking that the appellant be ordered to pay her support and maintenance in order for her to continue her education. In opposition to the petition for intervention, appellant filed a peremptory exception of no cause of action. On November 29, 1979, the trial court rendered judgment in favor of appellant on the main demand, and in favor of appellee increasing child support to $100.00 per month for the minor children and ordered that appellant pay his major daughter $25.00 per month for the duration of her needs. On December 21, 1979, appellant moved to appeal from the above mentioned judgment in forma pauperis. The trial court granted the motion but denied appellant's prayer to appeal in forma pauperis. The appellant then filed the present appeal from the trial court's denial of his pauper status.
The record shows that appellant has a total gross monthly income of $170.00, and expenses of $167.00 per month, which include $69.00 as child support. Also contained in the record is a financial statement and fact sheet concerning the appellant. Appellant has a 1/5th interest in a home, which home is valued at $10,000 to $15,000. He has no telephone and is a self-employed barber. He has no bank account or other assets of any significance. In addition to the $100.00 appellant earns from his barber shop, he earns an additional $70.00 per month from an interest in a pool table and music box.
According to appellant's brief, appellant suffers from a nervous disorder and is an alcoholic. Both of these conditions allegedly prevent him from earning more than he does.
The privilege of litigating a claim in forma pauperis is set out in LSA-C.C.P. Article 5181 which provides:
"An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor."
This privilege, however is not unfettered. Certain restrictions are placed upon those seeking to proceed in forma pauperis. LSA-C.C.P. Article 5182 provides:
"The privilege granted by this Chapter shall be restricted to litigants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto."
The determination of a litigant's right to proceed in forma pauperis is largely within the discretion of the trial court. Armont v. Board of Commissioners of Grammercy *709 Recreation District, 358 So.2d 358 (La.App. 4 Cir. 1978). Although a trial court has wide discretion in granting or denying application to proceed in forma pauperis, such discretion must be exercised reasonably and is subject to review for abuse. McCoy v. Winn Dixie Louisiana, Inc., 339 So.2d 976 (La.App. 4 Cir. 1976), writ granted 341 So.2d 406 (La. 1977), reversed on other grounds, 345 So.2d 1175 (La. 1977).
In Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La. 1977), Justice Tate stated, at page 141:
"... The purpose ascribed to the legislative privilege is to assure that no litigant be deprived of his day in court because of a lack of financial means to pay court costs.
Thus, an individual's privilege to litigate his claim in our courts is not regarded as a luxury. Rather, it is regarded as a privilege granted him in the interest of individual justice to him, and in the interest of a judicial system designed to provide justice for all. The grant of the privilege to litigate without prepayment of costs is designed to deny depriving any individual of his day in court merely because of his lack of financial means to pay or secure court costs."
See also Joiner v. Chelette, 377 So.2d 521 (La.App. 3 Cir. 1979).
The statutory privilege for proceeding in forma pauperis provided by our Code of Civil Procedure is to be construed liberally and in favor of giving indigents their day in court. In Roy v. Gulf States Utilities Co., 307 So.2d 758, 760 (La.App. 3 Cir. 1975), we stated:
"The legislative intent, we believe, was for that privilege [to litigate in forma pauperis] to be restricted to those who are clearly entitled to it so that the statute will not be abused, but that a liberal construction should be applied in close or questionable cases to make sure that a litigant who is entitled to such a privilege is not deprived of it."
In view of the above and foregoing, and based on the record before us, we conclude that the trial court abused its discretion in denying the appellant, Paul Dallas Jolivette, the right to proceed in forma pauperis. For the above and foregoing reasons, the judgment of the trial court is reversed.
It is therefore ordered that the appellant be allowed to prosecute his appeal to this Court in forma pauperis.
REVERSED.