CARTER, Judge.
The sole issue is whether the district court abused its discretion in refusing to permit the appellant, Eddie J. Willie, the right to prosecute his appeal in forma pau-peris from the judgment in a worker’s compensation action.
On November 2, 1983, Willie filed a suit for worker’s compensation benefits for injuries he received while in the course and scope of his employment as a carpenter for Gerald Allen. At the time of the accident, Allep was working as a subcontractor for George Fournet Construction. Willie did not proceed in forma pauperis in his worker’s compensation action. On October 15, 1984, the trial judge rendered judgment on the merits of the case in favor of defendants and against Willie.
On December 10, 1984, appellant moved to appeal from the above mentioned judgment in forma pauperis. The trial court granted the motion to appeal, but denied appellant’s request to appeal in forma pau-peris. The appellant then filed the present writ of certiorari to review the trial court’s denials of his pauper status. This court granted a writ of certiorari and ordered the record to be transmitted from the trial court. All proceedings in the trial court were held in abeyance pending this court’s determination of the propriety of the trial court’s actions.
In Jolivette v. Jolivette, 386 So.2d 707, 708-709 (La.App. 3rd Cir.1980), our brethren of the Third Circuit clearly and succinctly set forth the applicable law as follows:
The privilege of litigating a claim in forma pauperis is set out in LSA-C.C.P. Article 5181 which provides:
‘An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.’
This privilege, however is not unfettered. Certain restrictions are placed upon those seeking to proceed in forma pauperis. LSA-C.C.P. Article 5182 provides:
‘The privilege granted by this Chapter shall be restricted to litigants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto.’
The determination of a litigant’s right to proceed in forma pauperis is largely within the discretion of the trial court. Armont v. Board of Commissioners of Grammercy Recreation District, 358 So.2d 358 (La.App. 4 Cir.1978). Although a trial court has wide discretion in granting or denying application to proceed in forma pauperis, such discretion must be exercised reasonably and is subject to review for abuse. McCoy v. Winn Dixie Louisiana, Inc., 339 So.2d 976 (La.App. 4 Cir.1976), writ granted *639 341 So.2d 406 (La.1977), reversed on other grounds, 345 So.2d 1175 (La.1977).
In Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977), Justice Tate stated, at page 141:
‘... The purpose ascribed to the legislative privilege is to assure that no litigant be deprived of his day in court because of a lack of financial means to pay court costs.
Thus, an individual’s privilege to litigate his claim in our courts is not regarded as a luxury. Rather, it is regarded as a privilege granted him in the interest of individual justice to him, and in the interest of a judicial system designed to provide justice for all. The grant of the privilege to litigate without prepayment of costs is designed to deny depriving any individual of his day in court merely because of his lack of financial means to pay or secure court costs.’
See also Joiner v. Chelette, 377 So.2d 521 (La.App. 3 Cir.1979).
The statutory privilege for proceeding in forma pauperis provided by our Code of Civil Procedure is to be construed liberally and in favor of giving indigents their day in court. In Roy v. Gulf States Utilities Co., 307 So.2d 758, 760 (La.App. 3 Cir.1975), we stated:
‘The legislative intent, we believe, was for that privilege [to litigate in forma pauperis] to be restricted to those who are clearly entitled to it so that the statute will not be abused, but that a liberal construction should be applied in close or questionable cases to make sure that a litigant who is entitled to such a privilege is not deprived of it.’
The record shows that appellant has a total gross monthly income of $677.00 and has expenses of $698.00 per month. Also contained in the record is a financial statement and fact sheet concerning the appellant. Appellant owns a home valued at $39,000.00 and a 1979 truck. He has approximately $100.00 in a savings account and $137.00 in another bank account. Appellant’s daughter occasionally gives him a little money to help her father make ends meet. Appellant has two dependants to support, his wife and his grandson. In addition, appellant has some serious health problems, which could prevent him from engaging in any gainful occupation for wages in the future.
Applying the applicable law to the facts presented in the case sub judice, we are constrained to conclude that the trial court abused its discretion in denying appellant, Eddie J. Willie, the right to proceed in forma pauperis.
For the above reasons, the writ of certio-rari previously issued by this court in this cause is hereby made peremptory. The trial court is hereby ordered to vacate its ruling denying plaintiff’s motion to proceed in forma pauperis and to enter a ruling granting the same.
WRIT GRANTED AND MADE PEREMPTORY.