MOTION TO PROCEED IN FORMA PAUPERIS
Before WATKINS and FOIL, JJ., and TANNER,[1] J. Pro Tem.
J2WATKINS, Judge.
After lodging this appeal the appellant, Oscar Lee Bates, filed a Motion To Proceed in Forma Pauperis on February 21, 1995, attaching the necessary affidavits in compliance with LSA-C.C.P. art. 5188. Subsequent thereto Mr. Bates died on May 8,1995. The testamentary executrix of his succession, Ms. Marilyn Dee Bates, was substituted as a party in this proceeding in accordance with LSA-C.C.P. art. 801.
We are now called upon to determine the effect of the plaintiffs death and the substitution of his testamentary executrix with regard to the previously filed motion to proceed in forma pauperis.
Generally, a litigant may apply in any stage of the proceeding for the privilege of continuing his suit as an indigent, even after judgment on the merits against him, and even in the court of appeal after the transcript has been prepared. LSA-C.C.P. art. 5181; Brumfield v. Community Mobile Homes, Inc., 315 So.2d 901 (La.App. 1st Cir.1975). However, the death of the mover herein renders moot the present motion, which is personal to the mover.
The proper party to motion the court for forma pauper status is the person suing in a representative capacity. This party may proceed in forma pauperis after qualifying under the appropriate Code of Civil Procedure articles. Heyse v. Fidelity & Casualty Co. of New York, 255 La. 127, 229 So.2d 724 (1969). In the case of a succession representative suing in a representative capacity, he or she must establish that the estate of the deceased is indigent. See Causey v. Opelousas-St. Landry Securities Co., 187 La. 659, 175 So. 448 (1937).
UFor the reasons expressed, the Motion to Proceed in Forma Pauperis is denied.
MOTION DENIED.