GULOTTA, Judge.
This matter is before us on writ of certio-rari.
Plaintiff seeks to “prosecute” her damage suit in forma pauperis. The trial judge denied plaintiff’s motion. In an earlier writ application (No. 8964), filed in response to the trial court’s denial of the motion, we ordered that an evidentiary hearing be held in the trial court on the forma pauperis motion.
The trial judge, after the hearing, denied (a second time) plaintiff’s request to file in forma pauperis. A jury bond was set in the amount of $3,000.00.
In this writ application, plaintiff-relator seeks an order permitting her to file suit in forma pauperis or, alternatively, a reduction in the $3,000.00 jury bond.
In the evidentiary hearing conducted by the trial judge, pursuant to the earlier order issued by this court, plaintiff testified that she was receiving $733.00 per month from Social Security disability payments; that plaintiff’s four children were residing with her in a rent-free residence owned by plaintiff’s family in which she had a one-ninth (1/9) interest; that because of disability, she was unable to be employed. Plaintiff testified further that she owned no automobile and had accumulated no savings. The record is silent as to the ages of the children; however, a neighbor witness testified that she thought the oldest child was 17 years of age and apparently corrected her testimony to state that the child was 24 years of age.
We recognize that a determination of a litigant’s right to file suit in forma pauperis is discretionary with the trial court. LSA-C.C.P. art. 5181. Nevertheless, the evidence considered in the instant case in connection with the recent holding of the Louisiana Supreme Court in Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977) leads us to conclude that the trial court’s denial of plaintiff’s motion to file suit in forma pauperis constitutes an abuse of that discretion.
Accordingly, the trial court’s order denying plaintiff’s motion to proceed in forma pauperis is reversed and set aside. IT IS NOW ORDERED that plaintiff is permitted to prosecute her suit under the provisions of LSA-C.C.P. arts. 5181 et seq. This matter is remanded to the trial court for further proceedings.

REVERSED AND RENDERED.