PRICE, Judge.
Plaintiffs, Raymond Stump and Tower Investment Corporation, filed this appeal from a lower court judgment dismissing their suit for failure to furnish bond for attorney’s fees under LSA-R.S. 13:4522.
For an understanding of the issues to be resolved on this appeal, the recitation of the procedural development of this litigation in the district court is necessary.
On December 11, 1970, plaintiffs, Stump and Tower (a corporation owned entirely by Stump), filed suit against the City of Shreveport and George D’Artois, Commissioner of Public Safety, for damages allegedly occasioned by the failure of the Police Department to heed plaintiffs’ request for protection of certain premises from anticipated disturbances occurring on December 12, 13 and 14, 1969.
In response to plaintiffs’ petition, on December 29, 1970, defendants filed the following pleadings:
(1). A motion to strike plaintiffs’ request for a jury trial, asserting the provisions of LSA-R.S. 13:5104, denying a plaintiff the right to a jury trial in cases where a public body is a defendant.
(2). A motion for plaintiffs to furnish bond under the provisions of LSA-R.S. 13:4522, giving a defendant a right, before pleading in a case, to require the plaintiff to give security for costs in the case.
(3). A motion for plaintiffs to furnish bond under the provisions of LSA-R.S. 42:261(D), which provides that any person who files suit against an elected or appointed public official of the state or a political subdivision if unsuccessful in his demands, shall be liable for the attorney’s fees of the official sued as fixed by the court, and the defendant public official may, by rule, require a bond of plaintiff to cover costs of these fees prior to trial of the case.
After a hearing on the foregoing motions on January 13, 1971, the court ordered the plaintiffs to furnish bond for attorney’s fees in the amount of $7,500 and a bond for costs in the amount of $1,000, both to be furnished within thirty days or, on failure of plaintiffs to comply, their action would be dismissed as of nonsuit. On a subsequent date the court also denied plaintiff’s request for a jury trial.
Plaintiffs timely filed a motion for a new trial as to the court’s judgment requiring them to post a bond for costs and an *212 attorney’s fees bond. In the motion plaintiffs’ counsel asserts that the amount of the bond for costs was fixed at the sum of $1,000, without any evidence having been produced by defendants; that the court misinterpreted a statement of plaintiffs’ counsel that he would agree to stipulate to the amount of bond subject to his clients’ approval, which was never obtained. In requesting a new trial on the order of the court that plaintiffs furnish bond to secure the attorney’s fees of defendant, D’Artois, plaintiffs raised the constitutionality of LSA-R.S. 42:261(D) contending it denies equal access to the civil courts and violates the equal protection provisions of the Fourteenth Amendment of the United States Constitution.
After the foregoing motions were overruled, plaintiffs moved for suspensive and devolutive appeals from the interlocutory judgments rendered against them. Subsequently, plaintiffs obtained an order from the trial court allowing them to dismiss their orders of appeal on the interlocutory judgments and filed a motion for permission to litigate without the payment of costs on behalf of each of the plaintiffs. Pursuant to the motion and attached affidavits attesting to the indigency of the plaintiffs, an order was signed by the court permitting Stump to proceed without payment of costs and relieving him of the necessity of posting the bond for costs previously ordered by the court, reiterating, however, the requirement that a bond be posted to secure the attorney’s fees of the defendant, D’Artois. The court refused to allow Tower to proceed in forma pauperis, holding that a corporation may not avail itself of the provisions of LSA-R.S. 13:4522.
Defendants filed a rule to traverse Stump’s right to proceed in forma pauper-is, and after hearing evidence on the rule, the court found Stump was not entitled to proceed as a pauper and recalled its prior order granting him this right.
Judgments were signed by the trial court dismissing this action as of nonsuit on the failure of plaintiffs to furnish the necessary bonds within the time allowed by the court. On appeal from the judgment dismissing their action, plaintiffs contend the trial court erred in the following respects :
(1). In denying plaintiff Stump the right to proceed in forma pauperis:
(2). In holding that a corporation is not entitled to the benefits of the statute relieving a pauper of litigating without payment of costs.
(3). In fixing the amount of the bond for costs under LSA-R.S. 13:4522 without requiring the introduction of evidence by defendants showing a probable expenditure of costs.
(4). In ruling that the bond for attorney’s fees provided by LSA-R.S. 42:261(D) cannot be waived in the case of indigency and that this statute is not violative of the provision of the due process and equal protection provisions of the State and Federal Constitution.
(5). In holding that LSA-R.S. 13:5104 exempting a political subdivision from a civil jury trial is constitutional.
The two primary issues to be resolved are the correctness of the trial court’s finding that plaintiff Stump was not an indigent and that the plaintiff Tower, as a corporation, was not entitled to the benefits of the in forma pauperis statute. An affirmance of the court’s ruling on these two matters will preclude the necessity for a consideration of the remaining specification of errors.
We shall first consider the trial court’s ruling that Stump was not an indigent within the meaning of LSA-R.S. 13:4522 as defined by the jurisprudence of this State. The evidence in the record on Stump’s financial ability consists solely of *213 his testimony concerning his financial affairs elicited under cross and direct examination. He testified that for a period of eight or nine years prior to 1969 he had been employed by Louisiana Industrial Uniform Supply Company for a salary of $10,000 per year. In addition to this employment, Stump engaged in the acquisition of commercial real estate properties through the use of his wholly owned corporation, Tower Investment Corporation. For several years prior to 1969, he carried on retail liquor businesses at 8015 Line Avenue and at 300 Douglas Street in Shreveport. He testified that in the year 1969, because of various disturbances which occurred at his liquor store on Douglas Street, he was forced to liquidate all of the real estate holdings owned by Tower Investment Corporation and to disengage from the retail liquor operation. He further testified that the party who purchased the real estate from Tower assumed all of the outstanding indebtedness of that corporation with the exception of a debt owed to Stump personally in the amount of $27,000. As of the date of the trial of the rule to traverse, March 23, 1971, Stump contended he was unemployed and had no immediate means of income. He admitted that he owned a residence at 3522 Poinsettia Street, valued at approximately $18,000, purchased in 1964. Although he testified the property was encumbered by a mortgage with payments of $101.58 per month, the evidence does not reflect the total balance owed. In addition, plaintiff owns a second residence in Sunset Acres Subdivision that he valued at approximately $9,-000, on which there is an amortization mortgage for the original purchase price of the home in 1951, having payments of $51.00 per month. The evidence is not clear as to the current balance on this mortgage, but we must assume that substantial equity has been accumulated over this period of time. This second residence is also covered by a collateral mortgage used to secure advances by Stump in his business ventures on which there is a balance of over $5,000 owing.
The evidence further discloses that Stump resides in the home on Poinsettia with his wife and three children and owns his household furniture and fixtures, which are unencumbered. He owns a 1954 Ford automobile and has a 1969 Oldsmobile automobile titled in Tower Investment Corporation, neither of which are encumbered. Although Stump maintains bank accounts in three different banks in Shreveport and Bossier City, he testified that there was little, if any, money in any of the accounts as of the date of the trial of the rule. Stump further testified that he possesses credit cards extending him charge privileges with the following National concerns: American Express, Master Charge, Shell Oil, Phillips 66, Mobil, A. T. & T., Diners Club, Carte Blanc, Bank Americard, Cities Service, Esso, Texaco, Gulf, Conoco, and has charge accounts at various local merchandising establishments. Although Stump described himself as broke at the time of trial, his mortgage payments were current and he owed no appreciable balances on open accounts.
The trial judge was not convinced Stump was an indigent and entitled to proceed without the payment of court costs or relieved of the responsibility of furnishing a bond for same. We concur with his finding. The privilege granted by Article 5181 of the La. Code of Civil Procedure for an indigent to litigate without payment of costs is specifically limited by the provisions of Article 5182 to litigants who are clearly entitled to it with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay or furnish security therefor. The discretion of the trial judge under this article should not be disturbed by the appellate court unless it has clearly been shown to have been abused. Best v. J. & B. Drilling Co. (La.App.3d Cir. 1963), 152 So.2d 119; Nemarich v. Star Checker Cab Co., 150 So. 862 (La.App.Orl.1933). The trial judge has the right, and it is his duty to see, that the *214 privileges granted by this act are not abused and that the officers whose services are required to be rendered free of charge are not imposed upon. Dilley v. Phillips Petroleum Co., 24 So.2d 209 (La.App.1st Cir. 1945).
Based on the evidence contained in the record, we do not find any manifest abuse by the trial judge in determining that Raymond Stump could not avail himself of the indigency statute.
We think the trial judge correctly refused to extend the provisions of Article 5181 to a corporate plaintiff. This article reads as follows:
“Art. 5181. Privilege of litigating without prior payment of costs
“A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding, other than an action for a divorce or for a separation from bed and board, in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.
“As used in this chapter: * * * ‘person’ means an individual who is a citizen of this state, or an alien domiciled therein for more than three years.” (emphasis ours)
La. Code of Civil Procedure Article 5251 provides:
“ * * * except where the context clearly indicates otherwise, as used in this Code: * * * (12). ‘Person’ includes an individual, partnership, unincorporated association of individuals, joint stock company, or corporation.” (emphasis ours)
By giving a specific definition to the term “person” in the last paragraph of Article 5181, it is obviously the intent of the legislature to vary from the general definition of “person” provided in Article 5251 and limit the scope of Article 5181 by use of the word “individual” to natural persons only.
In other areas of the Code of Civil Procedure, the redactors have used the word “person” when intending to include corporations within the provisions of an article and “individual” when the intent was to limit the article to natural persons. See Article 330 and editorial comments thereunder.
Although there have been no cases in this State ruling on this question, the cases arising in the Federal system have limited the right to proceed in forma pauperis to natural persons. Honolulu Lumber Co. v. American Factors, Ltd., 265 F.Supp. 578 (D.Hawaii, 1966) ; Atlantic S. S. Corp. v. Kelley, 79 F.2d 339 (5th Cir. 1935).
We also find no merit to plaintiffs’ argument that to deny a corporation the right to avail itself of the provisions of the pauper statute would deprive it of equal protection under the Fourteenth Amendment of the United States Constitution. There is nothing unreasonable or arbitrary in the action of the legislature in exempting natural persons from paying the costs required to litigate a civil action and not conferring this privilege upon corporations.
We shall next consider the validity of the trial court order fixing the amount of bond for costs under LSA-R.S. 13:4522 without requiring defendants to present evidence of anticipated expense. Pursuant to the rule filed by defendants requesting such an order, the court fixed a date for a hearing on the rule. After determining defendants’ entitlement to security for costs, the court suggested fixing another date for the taking of evidence on the appropriate amount of the bond. At this point counsel for defendants and plaintiffs suggested to the court that another hearing would not be necessary in that counsel could probably agree on the amount of bond nec *215 essary. We quote from the testimony the statements made by counsel to the court:
“MR. GALLAGHER: Your Honor, I think that we might be able to satisfy this between counsel.
“MR. WALKER: Judge, I think that we can agree pursuant to my haying a short discussion with my client, I think we can agree to $1,000.00.
“THE COURT: Let the plaintiff be required to put up a bond of $1,000.00 for costs.”
It is apparent from the reading of this testimony that a discussion of counsel regarding probable cost to be incurred preceded their suggestion to the court that a stipulation could be made. In fixing the amount of bond for costs, the jurisprudence has required that the party requesting same make a showing of the amount necessary. Whitson v. American Ice Co., 164 La. 283, 113 So. 849 (1927). Usually this showing of necessity can only be made by a presentation of evidence. Romero v. Romero, 232 So.2d 572 (La.App.3d Cir. 1970).
However, we believe the court in the instant case was justified in accepting the representations made by counsel, that the amount of $1,000 would be an appropriate bond, to be a sufficient showing of the amount necessary and the court did not err in refusing to withdraw its order and require the taking of additional evidence.
As we conclude no error was committed by the trial judge in refusing to allow either plaintiffs to proceed in forma pauper-is, nor in the trial court’s fixing of the amount of the bond for costs, we do not deem it necessary to consider the remaining assignments of error urged by plaintiffs as their failure to furnish this security alone within the time allotted is sufficient to sustain the judgment dismissing their action as of nonsuit.
For the foregoing reasons, the judgment appealed from is affirmed at appellants’ costs.
Affirmed.