285 So.2d 306 (1973)
Carl STUART, d/b/a Stuart Electric Company
v.
CAPRI CONSTRUCTION COMPANY, INC.
No. 5827.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1973.
*307 Roger B. Jacobs, New Orleans, for appellee.
Harry A. Burglass, Metairie, for appellant.
Before REDMANN, BOUTALL and BAILES, JJ.
BOUTALL, Judge.
This matter comes before us on a Motion to Dismiss the appeal. From an adverse judgment of March 28, 1973, the defendant has sought to appeal by filing on April 9, 1973 a petition for appeal. The petition recites that petitioner is a corporation domiciled in this state, and since it has no financial means whatsoever, desires to prosecute the appeal in forma pauperis. Attached to the petition are affidavits, one by the President of Capri Construction Company, Inc. on its behalf and a supporting affidavit signed by counsel thereof. See C.C.P. art. 5183(2). Also attached is an order signed by the trial judge as follows:
"The foregoing petition and affidavit considered, let Capri Construction Company, Inc. be and it is hereby permitted to prosecute this action without prior payment of costs or as they accrue and without giving bond for costs, returnable before May 25, 1973."
While we entertain serious doubt that the order as it stands is sufficient to constitute an order of appeal under the provisions of C.C.P. art. 2121, we note that it refers to the petition and the prayer in the petition would seem to supply the missing ingredients necessary for an appeal. See for comparison Shepart v. Unity Industrial Life Insurance Company, 10 So.2d 400 (1942). Since appeals are favored in law, it would appear that although the order is extremely vague, that we should consider the intention thereof and declare it sufficient.
The thrust of the motion to dismiss is primarily two-fold:
1. A Corporation cannot proceed in forma pauperis, and
2. A suspensive appeal is not permitted in a forma pauperis proceeding.
We agree with the correctness of both contentions of mover.
Under the clear provisions of C.C. P. art. 5185 a party is not entitled to a suspensive appeal unless he furnishes the necessary security therefor. As we note the order of the trial judge, no bond for suspensive appeal was set, and indeed in this case it being a money judgment, none was particularly required insofar as the amount thereof because it is fixed by law. However, the order signed by the judge only relieves furnishing a bond for costs, and says nothing of suspensive appeal bond. The record indicates that none was furnished, and thus we are of the opinion that, the time for furnishing a suspensive appeal bond having long since passed, it is now too late to cure any possible defects in hopes of maintaining suspensive appeal, and the suspensive appeal must be dismissed.
Relative to the devolutive appeal, however, while we agree that the procedure was improper, we do not feel compelled to dismiss the appeal. Mover may present his objection to the First Parish Court for further proceedings in connection therewith, for the following reasons.
C.C.P. art. 5181 restricts the privilege of litigating without prior payment of costs to individuals, and does not extend this privilege to corporations. See Stump v. City of Shreveport, 255 So.2d 210, (1971). However under C.C.P. art. 5185 the right of a devolutive appeal is permitted to an indigent party, and the bond for a devolutive appeal is for the payment of costs. The order of appeal permitted prosecution of the action without giving bond for costs, and, as we view it, the question that arises herein is simply one of sufficiency of the bond. We note that C.C.P. art. 2088(5) retains jurisdiction in *308 the trial court to consider objections to the form, substance and sufficiency of the appeal bond and permit the curing thereof. We therefore do not dismiss the devolutive appeal herein, but instead leave it to mover to further proceed in the trial court under the provisions of C.C.P. art. 5123 through 5126.
For the reasons above, it is ordered that the motion to dismiss is granted partially in that the suspensive appeal is dismissed; that the motion to dismiss is denied partially insofar as a devolutive appeal is concerned.
Motion granted in part, denied in part.