377 So.2d 521 (1979)
Wayne JOINER, d/b/a Joiner Real Estate, Plaintiff-Appellant,
v.
Dentis CHELETTE and Judy Valentine Chelette, Defendants-Appellees.
No. 7191.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*522 Alfred B. Shapiro, Alexandria, for plaintiff-appellant.
Robert L. Kennedy, Colfax, for defendants-appellees.
Before DOMENGEAUX, FORET and SWIFT, JJ.
FORET, Judge.
The issue raised in this appeal is whether or not an individual doing business as a sole proprietor can avail himself of the provisions of LSA-CCP Article 5181 if such individual is a pauper within the meaning of the said Article.
Plaintiff, Wayne D. Joiner, who does business as "Joiner Real Estate", filed this suit to collect a real estate broker's commission. He attempted to proceed in forma pauperis. Defendants traversed plaintiff's right to so proceed. The trial court, relying on the cases of Stuart v. Capri Construction Company, Inc., 285 So.2d 306 (La.App. 4 Cir. 1973) and Stump v. City of Shreveport, 255 So.2d 210 (La.App. 2 Cir. 1971), held that plaintiff was not entitled to proceed in forma pauperis. The trial court did not reach the decision of whether or not Wayne D. Joiner was or was not a pauper.
The trial court then ordered plaintiff to pay all costs incurred, within fifteen days, and to pay future costs as they may accrue, and in default thereof the plaintiff's suit would be dismissed with prejudice. Instead of paying the costs, the plaintiff sought to dismiss his suit without prejudice. The trial court, however, dismissed plaintiff's suit with prejudice.
We reverse and remand.
In Stuart and Stump, supra, the Fourth and Second Circuits, respectively, held that a corporation could not proceed in forma pauperis. There are no Louisiana cases brought to our attention by the parties litigant, nor has our research revealed any dealing with the specific problem of whether a sole proprietor doing business under a trade name could bring suit in forma pauperis to have his grievances adjusted judicially.
At the outset, we formulate no opinion as to whether the Stump and Stuart cases are correct expressions of the law. As stated above, these two cases involved corporations which sought to proceed in forma pauperis, and not persons or individuals desiring to proceed in forma pauperis. There is no question but that a corporation is a legal entity, and has the capacity to sue and to be sued in its own name. This is not the case with unincorporated businesses which are sole proprietorships. In fact, LSA-CCP Article 687 provides:
Art. 687. Person doing business under trade name
A person who does business under a trade name shall sue in his own name to enforce a right created by or arising out of the doing of such business.
Obviously, therefore, Joiner Real Estate cannot sue in its own name. Wayne Joiner is the only person who can file a suit to enforce claims by Joiner Real Estate against other persons to recover monies due or for whatever purpose suit may be required.
We think that the trial judge erroneously held that Wayne Joiner was not entitled to proceed in forma pauperis simply because he was seeking to enforce a business debt.
Mr. Justice Tate, in the recent Supreme Court case of Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977), discussed in great detail a litigant's right to proceed in forma pauperis. Benjamin did not involve a person doing business under a trade name; however, the spirit of Benjamin leads us to conclude that Wayne Joiner is entitled to proceed in forma pauperis, if indeed he can show that he is a pauper, a fact which was not passed on by the trial court, because it had previously concluded that Wayne Joiner was not entitled to enforce business debts by way of forma pauperis proceedings.
Benjamin, supra, at page 141, stated:
*523 "... The purpose ascribed to the legislative privilege is to assure that no litigant be deprived of his day in court because of a lack of financial means to pay court costs.
"Thus, an individual's privilege to litigate his claim in our courts is not regarded as a luxury. Rather, it is regarded as a privilege granted him in the interest of individual justice to him, and in the interest of a judicial system designed to provide justice for all. The grant of the privilege to litigate without prepayment of costs is designed to deny depriving any individual of his day in court merely because of his lack of financial means to pay or secure court costs."
The Supreme Court further quoted from our case of Roy v. Gulf States Utilities Co., 307 So.2d 758, 760 (La.App. 3 Cir. 1975), as follows:
"The legislative intent, we believe, was for that privilege [to litigate in forma pauperis] to be restricted to those who are clearly entitled to it so that the statute will not be abused, but that a liberal construction should be applied in close or questionable cases to make sure that a litigant who is entitled to such a privilege is not deprived of it." (Emphasis ours.)
If Wayne Joiner is indeed a pauper, then the conclusion is inescapable that Joiner Real Estate, a sole proprietorship, and of which Wayne Joiner is the sole owner, necessarily is also in dire financial straits. Joiner Real Estate is merely the alter ego of Wayne Joiner, and its fortunes rise and fall with the fortunes of Wayne Joiner. That being the case, we can discern no basis for denying Wayne Joiner the privilege of enforcing a business account of Joiner Real Estate in forma pauperis proceedings, if indeed Wayne Joiner is a pauper. To hold otherwise would open the possibility of denying access to the courts to many such small businesses (e. g. hot dog stands, vegetable vendors, small shoe shops, one-man mechanic shops, one-man automobile body repair shops, solely operated service stations, small grocery stores, etc.), many of which operate under modest financial circumstances. We cannot believe that our legislators intended to bar such individuals from the right to proceed in forma pauperis to seek redress for their grievances where the grievance arises out of a business transaction.
For the foregoing reasons, we reverse and set aside the judgment of the trial court dismissing plaintiff's suit, and remand the matter to the trial court for a determination as to whether or not the financial condition of Wayne Joiner entitles him to proceed in forma pauperis, and for further proceedings not inconsistent with our view expressed above.
All costs of proceedings involving this issue are to be taxed against the defendants.
REVERSED AND REMANDED.