| | | |
|---|---|---|
| **308 DECATUR-NEW ORLEANS, LLC** | * | **NO. 2020-CA-0358** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **THE ROUGE HOUSE, LLC** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

| | |
|---|---|
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| **308 DECATUR-NEW ORLEANS, LLC** | **NO. 2020-CA-0359** |
| **VERSUS** | |
| **THE ROUGE HOUSE, LLC** | |
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| **ROUGE HOUSE, LLC** | **NO. 2020-CA-0360** |
| **VERSUS** | |
| **308 DECATUR-NEW ORLEANS, LLC** | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-09718, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*
(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

Amanda Howard Lowe
R. Chauvin Kean
David J. Halpern
Jill Anne Gautreaux
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112
    COUNSEL FOR PLAINTIFF/APPELLEE

Desherick J. W. Boone
THE BOONE LAW FIRM, L.L.C.
2213 Gentilly Boulevard
New Orleans, LA 70122

Michelle Charles
ATTORNEY AT LAW
1901 Manhattan Blvd., Suite 106
Harvey, LA 70058
        COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**

**DECEMBER 23, 2020**

The Rouge House, LLC, filed a Motion for Devolutive Appeal of an order dated February 21, 2020, dismissing its appeal of an adverse judgment on an Exception of Res Judicata and No Right of Action filed on behalf of 308 Decatur-New Orleans, LLC.  For the reasons that follow, we affirm the ruling of the trial court.

**BACKGROUND:**

This case began in 2013 as an eviction suit brought by plaintiff-appellee, 308 Decatur-New Orleans, LLC, against defendant-appellant, The Rouge House, LLC. Tracy Riley, as a member of The Rouge House, LLC (hereinafter "The Rouge House), signed a lease to rent the premises at 308 Decatur for $25,000 per month. The Rouge house paid the first and last month rent, but, according to 308 Decatur-New Orleans, LLC (hereinafter "308 Decatur"), The Rouge House did not pay anything further.  On October 14, 2013, 308 Decatur filed a Petition for Possession of Premises and Declaratory Relief Due to Breach of Contract.  On November 22,

1

2013, the trial court granted the petition and entered a Judgment of Eviction, which judgment became executory on December 16, 2013.

On January 16, 2014, counsel for The Rouge House filed an Answer, a Petition to Annul Judgment and for a Temporary Restraining Order, and for Specific Performance. The petition sought to prevent the eviction and damages caused by 308 Decatur. Ms. Riley separately applied for, but was denied, pauper status. In response to The Rouge House's pleadings, 308 Decatur filed an Exception of Improper Cumulation. It argued that the answer filed by The Rouge House was tantamount to a reconventional demand, which is improper in a summary proceeding. Further, the answer sought to annul a judgment from 2013, which must be brought in a separate proceeding. On February 27, 2014, the trial court denied The Rouge House's request for a preliminary injunction and granted 308 Decatur's Exception of Improper Cumulation.

On February 13, 2014, 308 Decatur filed a Petition for Damages and Declaratory Judgment against The Rouge House seeking to recover the unpaid rents and other damage incurred as a result of the breach of the lease.

Counsel for The Rouge House answered the petition, and filed a reconventional demand seeking rescission of the lease claiming that the signing of the lease was induced by fraud and error. Numerous discovery documents were served upon counsel for The Rouge House, but no responses or incomplete responses were all that 308 Decatur received. In October of 2015, 308 Decatur filed a motion to compel. The Rouge House subsequently submitted incomplete

2

responses. In December of 2015, after 308 Decatur attempted to schedule Tracy Riley's deposition, 308 Decatur was informed that current counsel was withdrawing. In April of 2016, new counsel enrolled.

308 Decatur thereafter moved to have the matter set for trial. The trial court set a trial date and discovery and pre-trial deadlines. The Rouge House failed to meet every deadline. After new counsel for The Rouge House moved to withdraw, the trial court granted the motion, but ordered that The Rouge House had forty-five days to retain counsel and, after that time, 308 Decatur would be allowed to move forward with the litigation.

At a hearing on February 13, 2017, Tracy Riley appeared in proper person to challenge a motion to correct a previous order of the trial court, which order had stricken The Rouge House's answer and cancelled a previously filed Notice of Lis Pendens filed by The Rouge House. The "corrected" order added the recordation information for the notice.

On October 26, 2017, 308 Decatur filed a Motion for Summary Judgment on the claim for damages and a separate Motion for Summary Judgment to dismiss the claims of fraud and/or misrepresentation, negligent misrepresentation, detrimental reliance, and unfair trade practices brought by The Rouge House in its Reconventional Demand. A hearing was set, and Ms. Riley, as a member of The Rouge House, requested that the hearing be continued to allow her time to retain counsel. The trial court granted a continuance and the hearing on the motions for summary judgment was held on February 2, 2018. Tracy Riley appeared without

counsel.  The trial court noted that this was not the first time Ms. Riley appeared in an attempt to represent The Rouge House.  The court allowed Ms. Riley to speak. After considering the arguments made by counsel for 308 Decatur, as well as the evidence presented, the trial court ruled in favor of 308 Decatur.  The court granted both motions from the bench, and signed a summary judgment dismissing The Rouge House's Reconventional Demand in open court.  A second summary judgment was signed April 9, 2018, granting 308 Decatur's claim for damages.

Ms. Riley thereafter filed a motion to recuse the trial court, which was denied by another section of court.

On June 8, 2018, Tracy Riley, in proper person, filed a Motion for Intervention to intervene as a party plaintiff to appeal the summary judgment granting 308 Decatur's petition for damages.  The record does not indicate that she was seeking to appeal the summary judgment dismissing The Rouge House's Reconventional Demand.  The motion was signed by a duty judge.  No further action was taken to pursue this appeal.

In a separate suit, The Rouge House filed a Petition for Possession of Premises and Declaratory Relief Due to Breach of Contract on September 14, 2018, more than five months after its Reconventional Demand was dismissed by summary judgment in the first lawsuit.  308 Decatur filed Exceptions of *Res Judicata* and No Right of Action on March 20, 2019, which were granted after contradictory hearing on October 11, 2019.  The Rouge House was represented by counsel.

Thereafter, counsel for The Rouge House filed its first Motion for Devolutive Appeal. The Order was signed and on December 11, 2019, the clerk of court issued a notice of estimated costs of appeal due by December 31, 2019. No costs were paid to date.

On January 8, 2020, 308 Decatur moved to dismiss the above appeal. After hearing, the trial court granted the judgment on February 21, 2020.

**Motion to Dismiss:**

Appellee, 308 Decatur, filed a motion to dismiss in part The Rouge House's appeal in this Court. As this issue concerns the jurisdiction of this Court to consider The Rouge House's appeal, we will address it first.

308 Decatur argues that the February 21, 2020 judgment dismissing The Rouge House's appeal of the October 11, 2019 judgment granting 308 Decatur's Exceptions of *Res Judicata* and No Right of Action is the only valid appeal before this Court. 308 Decatur argues that all prior judgments challenged in The Rouge House's current appeal are final and no longer appealable.

In its appeal, The Rouge House makes several arguments about the nullity of judgments rendered by the trial court. The first judgment challenged is the judgment evicting The Rouge House from the premises. The only argument as to why that judgment should be declared null is that Stacey Riley, one of two members of the limited liability company, was on active duty at the time the judgment was rendered. Therefore, pursuant to the Service Members Civil Relief

5

Act, the judgment of eviction entered against The Rouge House is an absolute nullity.

The Service Members' Civil Relief Act, 50 U.S.C.App. Section 520, *et seq.*, applies to active service members. Its purpose is to protect service members from having default judgments entered against them without their knowledge. It does not prevent entry of a judgment when there has been notice of the pendency of an action and adequate opportunity to appear and defend. *See Guerrero v. Guerrero,* 10-930, p. 10 (La.App. 5 Cir. 5/10/11), 65 So.3d 737, 743.

The record in this case indicates that Ms. Riley, as agent for service of process for The Rouge House, was served personally on October 22, 2013. Further, she retained counsel who was present at the eviction proceedings. Thus, it is clear that the Service Members' Civil Relief Act is not applicable to this case. As such, the judgment of eviction is not an absolute nullity.

The record also indicates that The Rouge House filed an Answer, Petition to Annul Judgment for Temporary Restraining Order, Preliminary and Permanent Injunction for Specific Performance and Damages for Breach of Contract on January 16, 2014. Louisiana Code of Civil Procedure art. 4735 provides that "[a]n appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises and the appeal has been applied for and the appeal bond filed **within twenty-four hours after the rendition of the judgment of eviction.**"

Thus, the record does not support The Rouge House's argument that the proceedings against The Rouge House were improper, or that the answer filed on behalf of The Rouge House served as a valid appeal of the judgment of eviction.

The second judgment challenged by The Rouge House is the summary judgment granted in favor of 308 Decatur relative to its petition for damages seeking to recover the unpaid rents due. Ms. Riley was served as the agent for service of process for The Rouge House, and indeed requested that the hearing on the motion be continued to allow her to seek counsel for The Rouge House. The trial court granted the motion and allowed forty-five days in which to find new counsel. As stated previously, the order also cautioned that the proceedings would proceed against The Rouge House after forty-five days had elapsed. However, rather than retain counsel, Ms. Riley filed a *pro se* opposition to the motion, and on the day of hearing appeared *pro se.* The trial court allowed Ms. Riley to speak, but admonished her that it was unwise to do so as she was not an attorney. Finding no genuine issue of material fact, the trial court granted the motion. Ms. Riley filed a Motion to Intervene in the proceedings to allow her to appeal the ruling. She also filed a Motion for Appeal. She, however, never followed up on the appeal, nor did she hire counsel to perfect an appeal for The Rouge House.

Now in this appeal, The Rouge House wishes to argue that genuine issues of material fact existed and it was improper for the trial court to grant summary judgment to 308 Decatur. It argues that the summary judgment is not a valid and final judgment because it was rendered against a person not represented by

counsel. The "person" to which The Rouge House refers is Ms. Riley. However, at all times that The Rouge House was not represented by counsel, Ms. Riley, as agent for service of process for The Rouge House, was served with notice of all proceedings. Additionally, she was cautioned by the trial court on numerous occasions that she needed to retain counsel for The Rouge House. Despite the advice of the trial court to hire counsel, Ms. Riley appeared without counsel ostensibly to represent the interests of The Rouge House.

A limited liability company is an entity to which the law attributes personality and is, therefore, a juridical person. *See* La. R.S. 12:1301. As a general rules, the law considers a limited liability company and its member(s) to be wholly separate persons. *See* La. Civ. Code art. 24. The purpose of establishing a limited liability company is to protect its members from personal liability for the debts of the company, not to protect the limited liability company from being sued. While it is true that only a duly licensed attorney may represent a limited liability company, the repeated failure to obtain counsel despite warnings by the trial court, cannot serve to make a limited liability company judgment proof.

In *Streiffer v. Deltatech Const., L.L.C.,* this Court affirmed the trial court's ruling that a member of the limited liability company, albeit an attorney whose license was suspended, could not represent the limited liability company in a suit against it. 18-0155, pp. 2-3 (La.App. 4 Cir. 10/10/18), ___ So.3d ___, 2018 WL 4923559. However, we held that as the limited liability company had been properly served, its members were present at trial, and no objection was made to

proceeding, the court did not err in proceeding against the limited liability company. *Id.,* 18-0155 at p. 6.

In this case, The Rouge House was on notice that 308 Decatur filed a Motion for Summary Judgment that would, if granted, dismiss all of its claims against 308 Decatur. Ms. Riley was cautioned to retain counsel or the case against The Rouge House would proceed. The Rouge House's argument that it was unrepresented by counsel must fail, as its agent for service of process was properly served and failed to obtain legal counsel. Moreover, Ms. Riley was present at the hearing and did not object to the proceeding going forward.

Counsel for The Rouge House also argues that the trial court erred in granting 308 Decatur's Exceptions of *Res Judicata* and No Right of Action. Again, the judgment granting the exceptions was rendered on October 11, 2019, and The Rouge House failed to comply with the rules to perfect an appeal. Newly retained counsel filed a proper motion for appeal seeking a return date, but the costs due were not paid and the record was not lodged by December 31, 2019.

Louisiana Code of Civil Procedure art. 2126 E specifically provides that:

> If the appellant fails to pay the estimated costs … within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing shall:
> (1) Enter a formal order of dismissal on the grounds of abandonment; or
> (2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

The Rouge House argues that it was improper for the trial court to dismiss the appeal for non-payment of costs, as Ms. Riley had filed an Affidavit to Proceed in *Forma Pauperis,* which was granted by a duty judge.

The flaw in The Rouge House's argument is that Ms. Riley's pauper status has no bearing on the proceedings against The Rouge House. Louisiana Code of Civil Procedure 5182 restricts the privilege of proceeding without payment of costs to individuals, not to corporations or other juridical persons. *See, Stuart v. Capri Const. Co., Inc.,* 285 So.2d 306, 307 (La. 4th Cir. 1973). The personalities of a limited liability company and its members are wholly separate by law. *Nunez v. Pinnacle Homes, L.L.C.,* 15-0087, p.5 (La. 10/14/15), 180 So.3d 285, 289.

Based on the above, we cannot say that the trial court abused its discretion in granting 308 Decatur's motion to dismiss the appeal of the exceptions.

On January 28, 2020, 308 Decatur again moved to dismiss the appeal of the ruling dismissing the appeal of the ruling on the exceptions. A contradictory hearing was held on February 21, 2020, after which the trial court dismissed the appeal as abandoned.

On April 21, 2020, The Rouge House filed a Second Motion and Order for Devolutive Appeal of the ruling dismissing its previous appeal.

After careful consideration of the timeline of events and the lack of merit to The Rouge House's arguments on appeal, we find that the only judgment before this Court is the February 21, 2020, ruling dismissing The Rouge House's appeal of the judgment granting 308 Decatur's Exceptions of *Res Judicata* and No Right of Action.

10

**Appeal of February 21, 2020 judgment:**

The Rouge House again argues that the trial court erred in granting 308 Decatur's motion to dismiss the previous appeal because **The Rouge House** had applied for and was granted pauper status. As we discussed above, a limited liability company is not entitled to the privilege of proceeding without the payment of costs.

The Rouge House argues that appeals are favored and one should not be dismissed for a "mere technicality." The technicality to which The Rouge House refers is the non-payment of costs of the appeal, and again argues that it was granted pauper status, and therefore does not have to pay the costs.

Article 2126 of the Code of Civil Procedure sets forth the rules for payment of costs of appeal. Section E provide that if costs are not timely paid, the court on its own motion, the motion of the clerk, or of any party may dismiss the appeal as abandoned. Considering that counsel for The Rouge House continues to argue it does not have to pay costs, which is incorrect, we cannot say that the trial court erred in granting 308 Decatur's motion to dismiss.

Accordingly, we affirm the February 21, 2020 judgment of the trial court.

**AFFIRMED**