STOKER, Judge.
This is an appeal from a rule for contempt and a rule for modification of a previous custody decree. The trial judge found the defendant-husband in contempt of court for failure to pay child support and sentenced him to 120 days in the parish jail. He suspended the sentence and provided the defendant an opportunity to purge himself of the sentence. Further, the trial judge modified a previous custody decree. On appeal, the defendant-husband contends the trial court committed manifest error in depriving him of his right to counsel and in modifying the joint custody decree. For the following reasons we remand for a new trial.
FACTS
Gwendolyn 0. Caughron and Rickey D. Caughron were divorced in the Parish of Plaquemine, State of Louisiana, on June 22, 1987. Mrs. Caughron was awarded child support in the amount of $300 per month for support of the couple’s minor child. The parties were awarded joint custody of the child with Mrs. Caughron being awarded physical custody of the child, subject to a two-month period of visitation by Mr. Caughron. At the time the judgment was rendered, both parties were residents of the State of Louisiana. Subsequently, Mr. Caughron established his residence in the State of Nevada.
On or about April 24, 1989, Mrs. Cau-ghron filed the rules at issue. She caused service of the rules to be made on Mr. Caughron in the State of Nevada pursuant to LSA-R.S. 13:3201. Mrs. Caughron alleged that Mr. Caughron was in arrears in *1215 his child support obligation in the amount of $2,358.60. Further, Mrs. Caughron requested that she be named sole custodian of the minor child.
At the trial on the rules held on June 12, 1989, Mr. Caughron appeared without counsel. He admitted receiving service on June 1, 1989 but contended that he did not have enough time to obtain counsel before the hearing date. Mr. Caughron requested a continuance in order to obtain a lawyer. The trial judge denied the motion for continuance and heard Mrs. Caughron’s testimony. Mr. Caughron then admitted that he was behind in his child support payments.
The trial judge found Mr. Caughron to be in arrears in his child support payments in the amount of $2,358.60. The trial judge held Mr. Caughron in contempt of court and sentenced him to a 120-day jail term with the opportunity to purge himself of the sentence by paying $450 per month to Mrs. Caughron, together with a penalty in the amount of $500. Further, the trial judge modified the previous custody decree and awarded sole custody of the minor child to Mrs. Caughron, with supervised visitation rights awarded to Mr. Caughron at the residence of Mrs. Caughron in Grant Parish, Louisiana. It is from these rulings that Mr. Caughron appeals.
ASSIGNMENTS OF ERROR
Mr. Caughron alleges that the trial court committed manifest error in the following respects:
1. In refusing appellant, Rickey D. Cau-ghron, his right to counsel;
2. In denying appellant Rickey D. Cau-ghron’s motion for a continuance;
3. In modifying the joint-custody order to sole custody;
4. In limiting appellant Rickey D. Cau-ghron’s visitation rights to Grant Parish, Louisiana.
OPINION
In view of the decision we reach in this case, it will not be necessary to discuss Assignments of Error 2 and 4.
ASSIGNMENTS OF ERROR 1 AND 2
Appellant argues that the trial court committed reversible and manifest error in denying Mr. Caughron the right to obtain counsel at a contempt hearing.
The Uniform Reciprocal Enforcement of Support Act provides that the duty to support is enforceable by a proceeding for civil contempt. LSA-R.S. 13:1663 and LSA-R.S. 13:1680. Contempt procedure in civil cases is regulated by LSA-C.C.P. arts. 221-227 and LSA-R.S. 13:4611. Article 227 provides that the punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in LSA-R.S. 13:4611. LSA-R.S. 13:4611 provides as follows:
“§ 4611. Punishment for contempt of court
“Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts, and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
(a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;
(b) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than one thousand dollars, or by imprisonment for not more than twelve months or both;
(c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and
(d) For any other contempt of court, including disobeying an order for the payment of child support or alimony or an order for the right of visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both;
*1216 (2) Justices of the peace may punish a person adjudged guilty of a direct contempt of court by a fine of not more than ten dollars, or imprisonment in the parish jail for not more than twenty-four hours, or both.”
Amended by Acts 1972, No. 664, § 1; Acts 1985, No. 43, § 1.
We have found no case directly dealing with the right to counsel in the precise circumstances such as this case presents. However, circumstances close to those presented here have been considered, particularly in State v. Creamer, 528 So.2d 667 (La.App. 2d Cir.1988). The Creamer case appears to have involved a civil proceeding, but the case discusses and draws analogies from some proceedings under criminal statutes. In Creamer the State of Louisiana through the Department of Human Resources proceeded against a parent who owed child support. Here the plaintiff, Gwendolyn 0. Caughron, seeks by rule to enforce a support order.
In view of the conclusions of the Court of Appeal for the Second Circuit in Creamer and various expressions of the Louisiana Supreme Court, Stale v. Broussard, 490 So.2d 273 (La.1986) and State v. St. Pierre, 515 So.2d 769 (La.1987), it appears to us that a serious question is raised by defendant’s first assignment of error. We need not decide the issue finally. Because of the closeness of the legal issue, the better course at the trial level would have been to grant the continuance. Without deciding the ultimate issue, we can vouchsafe to defendant all rights he may have by simply holding that the continuance should have been granted, setting aside the trial court’s judgment and remanding the case to the trial court for a new trial of the rules involved here. Until this matter receives more definitive consideration, we believe this course is wise.
In remanding this case to the trial court for a new trial, we express no opinion regarding appellant’s assignments of error three and four. The trial court is directed to reconsider its ruling regarding these two assignments.
For the foregoing reasons, the judgment of the trial court is reversed and set aside, and the case is remanded to the trial court for the purpose of holding a new trial of the issues ruled on in that judgment. The costs of this appeal are assessed equally between the appellant and appellee.
REVERSED AND REMANDED.
KNOLL, J., dissents and assigns reasons.