707 So.2d 1374 (1998)
STATE of Louisiana, Plaintiff-Appellee,
v.
Robert A. KING, Defendant-Appellant.
No. 97-1249.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
*1375 Cynthia Guillory, District Attorney's Office, Mike K. Stratton, Lake Charles, for State.
Robert A. King, Georgetown, pro se.
Before PICKETT, DECUIR and AMY, JJ.
PICKETT, Judge.
The State of Louisiana on behalf of the minor child, Melissa Ann King, filed a petition against the defendant, father of the minor child, to show cause why he should not be ordered to provide medical support. A medical support order was issued after the trial court accepted the hearing officer's recommendation and after a hearing on the matter. The order requires the defendant to maintain health insurance for the minor child and pay 83% of any medical costs not covered by insurance with the child's mother responsible for the remaining 17%. The order also requires Mr. King to pay court costs within 120 days or serve 10 days in the Calcasieu Correctional Center. The defendant appeals this decision by assigning five errors committed by the trial court.
The defendant first claims the State is not required to obtain a medical support order with the State of Louisiana as a party. La. R.S. 46:236.1(F)(1) gives the State the right to pursue a direct civil action against a responsible party once a minor child has received medical assistance pursuant to Aid to Families with Dependant Children (AFDC). See La.R.S. 46:236.1 et seq. This assignment lacks merit.
The defendant next asserts the trial court erred by failing to provide an exact dollar amount to be paid. This assignment is equally meritless as La.R.S. 46:236.1(B)(3) specifically provides for such an order.
The department may enforce, collect, and distribute medical support orders notwithstanding *1376 the absence of a specific provision in the child support order as to the amount of medical support to be paid.
The defendant's third assignment claims the court erred in assessing URESA costs to the defendant. However, after reviewing the record and the trial court's judgment, we see the defendant was taxed with court costs which is within the sound discretion of the trial court. La.Civ. P. art.1920. We find the court did not abuse its discretion in assessing costs to Mr. King.
The defendant's fourth assignment asserts the trial court abused its discretion in imposing a sentence of ten days in jail in default of payment of court costs within 120 days. The trial court assessed cost to Mr. King after finding him not a pauper.
We disagree with the argument offered by the State, that the trial court is in essence advising the defendant in advance of his punishment if found in contempt for failing to pay the costs as ordered by the court. We feel Mr. King was being sentenced by the trial court at that time. We find the present order at issue assessing Mr. King with costs and 10 days incarceration for failing to comply equally repugnant to the Due Process Clause. Failure to pay cost as ordered would constitute constructive contempt under La.Code Civ.P. art. 224. As such Mr. King is entitled to a hearing as provided by La. Code Civ.P. art. 225.[1] Therefore, we reverse that portion of the order which sentences the defendant to ten days in default of payment.
The defendant's final assignment of error contends that the court erred in not finding him a pauper and failing to provide him with counsel. The determination of whether or not to allow a party to proceed in forma pauperis is within the wide discretion afforded to the trial court. Starks v. Universal Life Ins. Co., 95 1003 (La.App. 1 Cir. 12/15/95); 666 So.2d 387, writ denied, 96-0113 (La.3/8/96); 669 So.2d 400. This factual determination will not be upset in the absence manifest error. Jolivette v. Jolivette, 386 So.2d 707 (La.App. 3 Cir.1980). We find no manifest error in denying the defendant's request to be recognized as a pauper.
Our brethren on the second circuit have previously grappled with the issue of a defendant's right to counsel in a case pursued under La.R.S. 46:236.1 et seq. in State v. Creamer, 528 So.2d 667 (La.App. 2 Cir.1988). In Creamer, the father appealed the trial court's finding him guilty of contempt after failing to pay the increased child support ordered by the trial court. The defendant requested court appointed counsel after informing the court of his indigent status. His request was denied at the hearing which increased his child support obligation, but granted when he became delinquent and the district attorney ruled him in for contempt. The second circuit set aside the contempt judgment finding the predicate judgment invalid as a defendant who is brought pursuant to La.R.S. 46:236.1 must be afforded his constitutional right to counsel.
The second circuit came to this conclusion by analogizing the civil action created by La.R.S. 46:236.1, which authorizes the State to initiate on behalf of children receiving State support pursuant to federal mandates, with the criminal offense of criminal neglect of family now found in La.R.S. 14:74. The Creamer court then applied the holdings of State v. Broussard, 490 So.2d 273 (La.1986) and State v. St. Pierre, 515 So.2d 769 (La. 1987) entitling defendants in criminal neglect cases the right to counsel.
We disagree with the second circuit's conclusions. The fact that some of the provisions of La.R.S. 46:236.1 and La.R.S. 14:74 accomplish the same goal of providing needed support to children by the responsible party does not overcome the distinction of a civil versus a criminal proceeding. A prosecution instituted under La.R.S. 14:74 is done so by the filing of a bill of information and requires some form of criminal intent. La.R.S. 46.236.1 et seq. requires no such intent and as in this case the responsible party may not even be delinquent in any payments before a petition is filed against the party.
*1377 The rights of an accused guaranteed by La. Const. art. 1 sec. 13 cannot be triggered simply because the statute under which a party is pursued provides specific punishments in the event of contempt of the judgment. Indeed, every order issued by a court of this state carries with it the possibility of punishment if a party is found in contempt thereof. See La.R.S. 13:4611.
This same issue was presented to this court in Caughron v. Caughron, 579 So.2d 1214 (La.App. 3 Cir.1991). In Caughron, the father of the minor child at issue, was ruled in contempt under La.R.S. 13:4611 for failure to pay child support in accordance with the court's order. At the contempt hearing, the father moved for a continuance on the grounds that he had not had an opportunity to obtain counsel. The trial court denied the request and found the defendant guilty of contempt of court and sentenced him to pay Mrs. Caughron $450.00 per month along with a $500.00 fine and 120 days in jail in default of payment. Mr. Caughron appealed assigning as errors the trial court's refusal to grant the defendant his right of counsel and denying his motion for a continuance. This court reversed the trial court and remanded on the grounds that the trial court should have granted Mr. Caughron a continuance. The court briefly discussed the issue of the defendant's right to counsel and the second circuit's decision in Creamer, 528 So.2d 667, but in the end declined to rule on the issue. Justice Knoll, then on the third circuit bench, dissented. She wrote the denial of the continuance was not an abuse of discretion. Further, that the defendant is not entitled to counsel in a civil matter and that Creamer, 528 So.2d 667, should not be relied upon.
In my view since this is a civil proceeding and not a criminal proceeding, he is not constitutionally entitled to a lawyer. Therefore, by holding the hearing without defendant represented by a lawyer, although he was exposed to jail time, is not per se reversible error. In my view, public policy dictates that the enforcement of defendant's obligation bear penal consequences and remain a purely civil proceeding, without triggering the constitutional safeguards provided a criminal defendant. Appointment of counsel at civil support enforcement proceedings would serve only to frustrate public policy. Further, if this is to be the civil requirement, it should be done by legislative act and not by judicial decree.
Caughron, at 1217.
We agree with Justice Knoll's dissent and find these comments equally applicable in a situation where a petition is filed pursuant to La.R.S. 46:236.1. This matter is purely civil; therefore, the defendant is not entitled to a court appointed attorney.
Accordingly, we affirm in part and reverse in part the judgment of the trial court; all costs are assessed equally against the parties.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] La.Code Civ.P. art. 225 states: "A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly."